## EWING *v.* JANSON.

### Opinion delivered February 4, 1893.

1. *Contract of hiring—Termination.*

Where a contract of employment, by its terms, was to continue for six months, it is not necessary, to defeat a recovery upon the contract for services rendered after that time, that the employer should show that he discharged the employee, or by express notice declared the contract terminated.

2. *Burden of proof—Amount of wages.*

In such case where the employee seeks a recovery for services rendered after the period of employment expired, at the rate fixed by the contract, it is incumbent upon him to show that he rendered such services under a contract, express or implied, that he should continue to receive compensation at the same rate.

3. *Continuance of services—Presumption as to wages.*

The presumption that the original rate of compensation continues where an employee, hired at an agreed price for a certain time, continues to perform the same service after the period of original employment has expired does not arise where the character of service is altered, as where one should complete his term of service as carpenter and continue service as plowman.

4. *Acceptance of services—Recoupment for lost time.*

Where an employer, either expressly or impliedly, accepts the service of an employee as a performance of the contract, he cannot recover for its improper performance; but if he merely accepts it as all that he can get toward a performance, he may sue for the injury caused by a breach of the undertaking, or recoup his damages in an action by the employee for the value of the service.

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

Janson sued Ewing for a balance of $212.10 upon an account for twelve months' work at the rate of $20 per month. Defendant denied that he employed plaintiff for more than six months, and filed a counter-claim against plaintiff for time lost during the period of employment. Plaintiff recovered a judgment of $216.69. Defendant has prosecuted this appeal. The errors assigned by him are stated in the opinion of the court.

*Rowe & Rowe* for appellant.

1. The court erred in excluding from the jury all evidence as to the manner plaintiff did his work and the time he was doing it. Sackett, Inst. (2d ed.), sec. 2, p. 13. In an action for services, total or partial failure to work, or that the work was done unskillfully, may be shown in recoupment of damages. 7 . Wait, Ac. & Def. secs. 1 and 2, pp. 544, 545; 1 Camp. 38. The courts, to avoid circuity of action, permit a partial failure of consideration to be shown in defense "*pro tanto*," in all suits on contracts respecting personal property or ser-

vices. 2 Gr. Ev. (14th ed.), sec. 136, note 1, p. 124; 2 C. & M. 214; Smith, L. C. (9th ed.), p. 1234; 40 Am. Dec. 332–3; 12 Ark. 699, note 1, p. 715; 16 *id.* 97; *ib.* 102–3.

2. The first instruction given by the court for plaintiff is erroneous. The law does not require defendant to declare the contract off—it expired at the end of six months unless renewed.

*R. W. McFarlane* for, appellee.

HEMINGWAY, J, The grounds relied upon for a reversal are: First, that the court erred in its instructions to the jury; and second, that it erred, during the taking of the proof, in excluding from the consideration of the jury all the evidence relating to defendant's counter-claim.

The instruction complained of is as follows: "I believe it is conceded, and parties so conceded, that defendant employed plaintiff to work for him at $20 per month for six months. If you find that, at the end of six months, this contract was not terminated by defendant, and that plaintiff remained with defendant, without discharge or termination of contract by defendant, after the six months expired, you should find for plaintiff the sum of $20 per month for the time plaintiff so worked for defendant without his declaring the contract off. You are instructed that the burden of proof is upon the defendant to show that the contract was declared off by defendant at the close of the six months or at any other time."

If the employment was for six months, it terminated at the expiration of that time by its own terms, and it was not necessary for the defendant, in order to defeat a recovery upon the contract for service beyond that time, to show that he discharged the plaintiff or by any express notice declared the contract terminated.

1. When contract for services terminated.

**2. Burden of proof as to wages.**

If the contract was as stated, and the plaintiff sought a recovery for services performed after the time expired, it was incumbent upon him to show that he performed service after that time under a contract, either express or implied, that he was to receive the original rate of compensation. The burden was upon the plaintiff to show that the service was performed under a new contract, and not upon the defendant to show the termination of a contract, which, according to its own terms, had expired.

**3. Presumption as to wages where services continued.**

When a person hired at an agreed price, for a certain time, continues to perform the same service in the same employment after the time expires, without any new agreement, the law doubtless raises a presumption that the parties agree that the original rate of compensation is to be continued. 2 Suth. Dam. p. 453; *Ranch* v. *Albright*, 36 Pa. St. 367; *Adams* v. *Fitzpatrick*, 125 N. Y. 124; *Ingalls* v. *Allen*, 132 Ill. 174.

But the presumption depends upon a continuance of the same character of service, and would be contrary to reason if it applied where the character of the service was altered. If one should complete his term of service as a carpenter, and continue service as a ploughman or a teamster, there would be no reason to presume that the parties understood he was to receive the same rate of compensation, and we are aware of no authority to support such a principle. On the contrary, it is held that no such presumption arises. *Ranch* v. *Albright*, 36 Pa. St. 367; *Ingalls* v. *Allen*, 132 Ill. 174.

If there was a hiring for a certain time, as the instruction states, and it had conclusively appeared that the plaintiff continued the same service after that time, the instruction would have been proper; but whether or not there was a continuance of the service was a controverted matter, and the defendant testified that the plaintiff did only little things of an entirely different character from the original service and of no real value.

Whether his statement was, or was not, true, was a question for the jury; and as the instruction could be justified only upon an assumption that it was true, it should not have been given.

The defendant filed a counter-claim for time lost from work by plaintiff during the term of his original employment, and with respect to it testified that plaintiff lost about half of his time and made only about a half hand, and that complaint was made of it at the time.

4. As to recoupment for loss of time.

The defendant sought to extend his investigation into the details of the matter, but was stopped by the judge who ruled that all evidence in regard to the manner in which plaintiff did his work, and the time he was engaged in doing it, was immaterial; that if the defendant had contracted to pay him at the rate of $20 per month, and did not discharge him, but accepted his service, defendant could not recoup his damages, no matter how much work he did nor how he did it. As the cause must be re-tried, it is proper for us to consider the correctness of this ruling, whether exception was saved to it properly or not.

The law is well settled that the acceptance of service performed under a contract, but not in accordance with its provisions, waives the absolute performance of the contract as a condition precedent to the right to recover its value; but the waiver does not necessarily extend to the right to recover for the injury caused by the breach of the contract. If the employer, either expressly or impliedly, accept the service as a performance of the contract, he can not recover for its improper performance; but if he merely accept it as all that he can get toward a performance, he may sue for the injury caused by a breach of the undertaking or recoup his damages in an action for the value of the service, notwithstanding he may have waived, by accepting it, his right to insist upon full performance as a condition prec-

16

edent to recovering anything. 2 Sedg. on Dam. (8th ed.), sec. 656; 2 Suth. Dam. pp. 476–8; *Wiley* v. *Athol*, 150 Mass. 426; *Phillips, etc. Co.* v. *Seymour*, 91 U. S. 646; *Pixler* v. *Nichols*, 8 Iowa, 106; *Britton* v. *Turner*, 6 N. H. 481.

The evidence in this case tended to prove that the defendant did not accept plaintiff's service as a full compliance with the contract, and he was entitled to have the issue tried by the jury, and, if it found for him, to recoup his damages against what he owed.

For the errors indicated, the judgment will be reversed, and the cause remanded.