### WHITE v. UNITED STATES GYPSUM CO.

1. APPEAL AND ERROR—FINDINGS OF FACT—TRIAL.

On review of a judgment entered after a trial by the court without a jury, where no written request for findings is filed, and findings in writing have been made, they will be presumed to have been made upon request and have the same effect as if requested.

2. SAME—VERDICT.

As every finding is one and entire and stands in lieu of a special verdict, the appellate court should accept everything evidently intended as facts found wherever set forth; it will not invalidate the findings that those of fact have not been separated from the conclusions of law.

3. SAME—CONTRACTS.

Findings of fact determining that no contract of hiring was executed between plaintiff and defendant are sustained as being supported by evidence.

4. CONTRACTS—IMPLIED CONTRACTS—PRESUMPTIONS.

When negotiations for a contract are pending, the law will not imply a contract upon which the minds of the parties have not met.

5. SAME—MASTER AND SERVANT.

The rendition of services of a different character from those which had been previously rendered by an employé, whose contract had expired, afford no presumption that his former contract is renewed.

6. SAME.

    Where plaintiff was engaged by defendant under a three-year contract of hiring, which the parties later canceled by consent, and plaintiff was re-engaged at a stated salary for the remainder of the year, except two months, and where plaintiff, before the expiration of the year, attempted to renew his employment, rendering services of a different character while negotiations pended, a contract ·of hiring, express or implied, for the following year was not proved.

Error to Kent; Perkins, J. Submitted November 14, 1911. (Docket No. 117.) Decided December 8, 1911. Rehearing Denied March 30, 1912.

Assumpsit by David R. White against the United States Gypsum Company for breach of a contract of employment. Judgment for defendant. Plaintiff brings error. Affirmed. ·

*Pleasant J. Phillips,* for appellant.

*Scott, Bancroft & Stephens* and *Butterfield & Keeney,* for appellee.

STEERE, J. This is an action to recover damages for breach of an alleged contract of employment.

Plaintiff sought to recover salary and expenses, as traveling salesman for defendant company under an implied renewal of a pre-existing express contract, which expired on Decembr 31, 1909. The business of the defendant company was the manufacture and sale of Cementico and wall-coating goods of similar nature. Plaintiff's claim was for the amount of his salary and expenses for the year 1910, on the basis of the preceding contract, less what plaintiff earned in other employment, and less an emergency expense fund of $150, which defendant had kept good in plaintiff's hands under the previous contract, and which he retained. The court found for defendant, and gave judgment, under defendant's notice of set-off, for the $150 emergency fund, less $13.34, the value of two days' work performed by plaintiff in January, 1910. The

declaration was framed upon a special contract of hiring, with the common counts added. Defendant pleaded the general issue with notice of set-off. This case was tried before the court without a jury.

There is very little conflict of testimony. It is mostly documentary, consisting of 62 exhibits, for the most part letters, the testimony of the plaintiff and two officials of defendant. The testimony of the three witnesses sworn is more at variance in their conclusions than upon the facts in relation to which they testify. The court filed certain findings in the case. When requested in writing, the judge is required to specify the facts found, and his conclusions of law thereon. The record fails to disclose any written request therefor, but, findings having been filed, they will be presumed to have been made upon request, and have the same effect as if requested. Under Circuit Court Rule 26, plaintiff proposed extensive amendments and additions to the findings filed by the court, which were reviewed by the court, and denied. Motion was then made by plaintiff's counsel for a new trial, which was argued and denied, and the case is here for review.

The only questions which can be considered by the appellate court are whether there is any evidence to support the facts found, and whether the facts found support the conclusions of law upon which the judgment is based. The substance of the alleged errors which plaintiff urges for consideration are: That the findings of fact are unsupported by the evidence; that the court in his findings embodies a recital of claims and evidence, instead of findings of fact; that the court's conclusions of law, "if any may be so construed," are contrary to, and unsupported by, evidence; that the court failed to find any conclusions of law, and refused to adopt the several findings of fact requested by plaintiff.

The findings made by the court are entitled "Findings of Fact;" no portion being set apart or designated as conclusions of law. No. 1 of such findings is a recital of the claims and allegations of the respective parties, their

pleadings and notices.    The remainder of the findings are
as follows:

No. 2:  "It appears that the arrangement made, under
which plaintiff traveled for defendant during the month of
January and the early part of February of the year 1909,
was preliminary in its nature, and that by the terms of such
arrangement it was left entirely indefinite between the
parties as to whether any arrangement should be made
for the future, and what the nature of that arrangement
should be.    I find as a fact that a contract to employ
plaintiff as a traveling salesman was made and consum-
mated in writing between the parties to this cause upon
February 9, 1909, and that by the terms of such contract
defendant did employ plaintiff, and plaintiff agreed to
serve defendant as a traveling salesman for the balance of
the year 1909, and until December 31st of that year.    Said
contract provided that plaintiff should receive $200 per
month as his salary and his actual expenses while acting
as a salesman.    I further find that all the negotiations,
matters, and things which took place prior to the consum-
mation of such contract were preliminary thereto, and are
not a part thereof, and that no contract of employment
was made for a term of one year, or from January 1,
1910, to December 31, 1909 (1910)."

No. 3:  "I find as a fact that said contract has been
fully performed by both parties thereto."

No. 4:  "It is claimed by the plaintiff that the letter re-
ferred to in the declaration written by him upon Decem-
ber 2, 1909, to the defendant company, contains an offer
to serve the defendant as traveling salesman, and that the
defendant accepted such alleged offer in and by a letter
written by a Mr. George H. Booth, also in the employ of
the defendant company, upon December 30, 1909, request-
ing the plaintiff to examine and correct certain advertis-
ing matter.    It appears that plaintiff's letter of December
2d was referred to Mr. Servitus Q. Fulton, the manager
of the sales department of the defendant company, and
that the plaintiff was advised of such fact by two letters
from said Booth, dated December 4 and 14, 1909, re-
spectively, and that the plaintiff, by two letters written
upon December 12th and 27th, respectively, requested a
reply to his said letter of December 2d.    It also appears
that no reply was received by plaintiff from Mr. Fulton
until he was shown a letter from the latter to said Booth

upon January 26, 1910. It appears that plaintiff went to Chicago on the latter date at his own expense. It also appears that Mr. Fulton and the president of defendant company were the only persons having authority to employ salesmen. It does not appear that Mr. Booth had any such authority, either express or implied, but, on the contrary, it appears that Mr. Booth had no such authority. I find as a fact that negotiations were pending between the parties looking to a contract for the employment of plaintiff at the time of the expiration of the contract of February 9, 1909, but that such negotiations did not result in any agreement between the parties. I further find as a fact that no contract, express or implied, was made or entered into by defendant, or by any one authorized to act for it, to employ plaintiff for the year 1910."

No. 5: "I find that plaintiff performed certain services for defendant upon the 1st and 14th days of January, 1910, and that the services as performed were not within the regular scope of the duties of a traveling salesman. It does not appear what the value of these services was, unless such services can be determined by reference to the contract existing between the parties prior to January 1, 1910. By reference to such contract, I find that the reasonable value of such services was $6.67 per day, and that he is entitled to the sum of $13.34 for such services."

No. 6: "It is admitted that the sum of $150 was advanced by defendant to plaintiff, and that said sum has never been repaid. I find that there is due from plaintiff to defendant said sum of one hundred and fifty ($150) dollars, less the reasonable value of service performed, viz., less the sum of $13.34."

It has been held that, as every finding is one and entire, and stands in lieu of a special verdict, this court should accept everything evidently intended as facts found, no matter in what part it may be set forth. While it might be more easily understood and orderly to separate the facts from the conclusions of law, that such has not been done will not invalidate the findings. It therefore becomes incumbent upon this court to inquire if these findings anywhere within them contain a statement of facts, supported by the testimony, followed by correct conclusions of law, to sustain the judgment.

No. 1 of the court's finding of facts, being merely a recital of what he regarded as the essential elements of the pleadings, is perhaps of little importance, as the pleadings would be part of the record in any event, but are unobjectionable as an introductory statement.

In support of the court's findings 2 and 3, there is ample evidence tending to show that plaintiff was employed as a traveling salesman by defendant, under contracts of hiring covering a period from September 1, 1908, to December 31, 1909. There had been three previous contracts between the parties. The first commenced September 1, 1908, to continue three years, on a commission basis. On January 9, 1909, with the understanding that the three-year contract should "remain stationary for the time being," a verbal contract was made between plaintiff and a representative of the company, named Bartlet, that plaintiff should perform some special service in the Northwest. It was understood that this service would require a month's time, for which plaintiff was to receive a salary of $225 and his expenses. This contract was fully performed by both parties. Pursuant to previous correspondence, the defendant, on February 8, 1909 (the date of the completion of the one-month's contract), wrote to plaintiff, offering him $200 per month and expenses for the remainder of the year 1909, on condition that he at once surrender and cancel the three-year contract on commission basis. This offer was accepted by letter, dated February 9, 1909, being in part as follows:

"Yours of the 8th is received and in reply will accept the salary of $200 per month with expenses for the balance of 1909, excepting the months of June and July. Will send the canceled contract to you as soon as I can get same from home."

This contract on a salary basis, commencing February 9, 1909, and ending December 31st of the same year, was fully performed by both parties.

In support of findings 4 and 5, there is testimony tend-

ing to show that on the 2d of December, 1909, plaintiff wrote defendant:

" As our agreement ends with the present month, the writer wishes to know at your earliest convenience if you desire me to remain with you for the coming year."

Two days later the company replied that his letter had been preserved for the attention of Mr. Servitus Q. Fulton, manager of the sales department. On December 14th, in reply to plaintiff's further request on the subject, he was informed that Mr. Fulton had just returned from an extended trip, and had not yet "worked down to his matter." On December 30, 1909, defendant company wrote plaintiff that they would soon need another supply of package wrappers, and asked his advice concerning printed matter for same; also asked him to draw up more explicit instructions in regard to the treatment of walls and the application of their wall-coating material, adding this observation:

" You have written the writer [Booth] previously that you would be glad of an opportunity of this nature, and it occurred to me that nothing would give you more pleasure on New Year's day than to ruminate over one of our wrappers."

Plaintiff next day forwarded the company the information requested, which was acknowledged on the 4th. As to what took place in January, 1910, before plaintiff learned he was not to be re-employed, plaintiff testified as follows:

"After December 31, 1909, I performed services for the company. I received instructions in a letter dated December 27 or 29, 1909, and I drafted this matter and sent it to the company. I looked over copies sent in letter of January 13, 1910, corrected and sent them back.   *   *   *   I made no trips under instructions from the company in January, 1910. On the 24th or 25th of January, I went to the company's office in Chicago to see what was the reason I was not sent out on the road."

Plaintiff further testifies that he saw a boy hand to Mr.

Booth (the correspondence head of paint department of the company) a letter, which Mr. Booth read, and immediately handed to him.  It ran as follows ·

" Jan. 24, 1910.
"Gypsum Arts Dept.
"Mr. GEORGE H. BOOTH,
                    " Office.
    *"Dear Sir:*  Referring to the attached, long past due, will say we have concluded not to employ Mr. White during the next year, but will sell only such material as we can market through our office effort.
                    " Yours very truly,
                            " S. Q. FULTON,
                            " Gen. Sales Manager."

There is also testimony tending to show that on December 27, 1910, plaintiff wrote defendant, stating that he had as yet received no reply to his letter of December 2d; that from December 2d to the close of the year he was engaged in his regular work, and corresponding with defendant in relation to same; the letters received by him from defendant being written by George H. Booth, and marked with the initials " G. H. B.," being the same party who had previously advised plaintiff that his proposal of December 2d had been referred to and awaited the action of Mr. Fulton.  In the early part of January, 1910, a few letters were written by plaintiff to defendant, and four letters received by him from defendant, three from Booth, and one from the accounting department, none of them referring to or purporting to answer his inquiry of December 2d; on January 1, 1910, plaintiff signed a receipt, showing that the $150 emergency expense fund was yet in his hands and owing to defendant.  There was direct testimony, introduced ˙by defendant, tending to show that Booth was only the general correspondent of the paint department, and had no authority to employ traveling salesmen, of which fact plaintiff had knowledge. We think there is evidence in this case tending to support all the material facts found by the trial judge.

Are his conclusions of law sound ?

After February 9, 1909, plaintiff was in the employ of defendant under a written contract for the remainder of the year, except June and July, on a salary of $200 per month and expenses. His two previous contracts had been performed or canceled by mutual agreement, and were entirely out of the way. This contract expired December 31st, and plaintiff opened negotiations for a rehiring. He was advised who had authority to hire, and to whom his proposition was referred. At the time his contract expired, negotiations which he had initiated were pending between the parties. When negotiations for a contract are pending, the law will not conclude them by any presumptions of an implied contract. *Van Valkenburg* v. *Rogers*, 18 Mich. 180.

Plaintiff made no trips as a traveling salesman, under instructions of the company, after January 1, 1910, and the court has found as a fact that certain services performed by him for defendant on January 1st and 14th were not within the regular scope of his duties as a traveling salesman. Where an employé, after his term of hiring expires, renders service of a different character for his former employer, it raises no presumption that his former contract is renewed. *O'Connor* v. *Briggs*, 182 Mass. 387 (65 N. E. 836).

It appears to be plaintiff's contention that the original contract of hiring for a term of three years on a commission basis, which was suspended for a month in January and February, 1909, and at the conclusion of that month canceled by mutual agreement, followed by the hiring of February 9, 1909, for the balance of the year, still had some force and vitality, which affected the last contract, so that it assumed the nature of a hiring for a year, although in fact it began February 9th and continued until December 31st, "excepting the months of June and July." During the progress of the trial, counsel stated his position as follows:

"The fact of employment in January of 1909, and the

renewal of that engagement in February, under the circumstances of the three-year employment on a commission basis, I claim does create a contract for a year, then and there, that it is to be renewed over, and yet I say, if this is not the condition, the letter sent to the company by Mr. White on December 2d would also imply a new contract for 1910. I consider both form the same proposition—the employment of White for the year 1910, upon the same terms as he had in 1909."

Substantially the same proposition is set out in plaintiff's request for additional findings.

We cannot conclude that a one-year contract is to be inferred from a three-year contract, or that a former contract, entirely ended by performance or cancellation, can have any bearing on a subsequent and distinct contract, which is in writing and unequivocal in terms. The last contract was not for a year, but 10 months and 20 days duration, with two intervening months excepted, making an actual employment of between 8 and 9 months. If we should construe the relations of the past as impliedly renewing this contract for the year 1910, it would begin on February 9th and run to December 31st, and what services plaintiff rendered after his former contract expired were in January, 1910, before his new contract would begin, if it was implied to be the same as the former one. Plaintiff seems to have thus regarded it himself, for in his bill of particulars is a distinct item for that month, as follows: "Salary earned under contract during the month of January, 1910, $225." He appears to be claiming this contract for a year and for less than a year at the same time. The court correctly found from the written testimony that plaintiff's contract was made on February 9, 1909, and expired December 31, 1909. No new contract for a year's hiring could be implied from the same, even though plaintiff continued regularly in the employ of defendant into the ensuing year. When it is not shown that the original contract is for an entire year, and that the service rendered under it continued at least a year, no presumption of renewal for another year on the same terms

arises by reason of continuance in the same service. *Ewing* v. *Janson*, 57 Ark. 237 (21 S. W. 430); *Caldwell* v. *Caldwell Co.*, 88 N. Y. Supp. 970; *Barnes* v. *Manufacturing Co.*, 113 N. Y. Supp. 977.

We conclude that the facts found by the trial court were supported by competent testimony, and his conclusions of law thereon are without error.

The judgment is affirmed.

OSTRANDER, C. J., and MCALVAY, BLAIR, and STONE, JJ., concurred.