JOHN J. O'CONNOR *vs.* JOHN BRIGGS & another.

Suffolk.   November 13, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Contract*, Performance and breach, What constitutes.

Inability by reason of illness to perform a contract of personal service absolves both parties from liability.

If a salesman, employed at a yearly salary for one year, by reason of an accident becomes incapable of completing his contract, and coming back nearly two months after the expiration of the year does not resume the work on which he was engaged under his former contract, but works a little about the store and sees several of his former customers who are delinquent about their bills and asks them why they have not paid, these facts do not warrant a finding that the parties assented to an arrangement for services for another term of the same length at the same salary.

CONTRACT for $1,000 alleged to be due the plaintiff for salary as salesman of the defendants for one year beginning January 5, 1899.   Writ dated March 14, 1900.

In the Superior Court *Mason*, C. J. ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*T. W. Coakley*, for the plaintiff.

*V. J. Loring*, (*C. S. Quinn* with him,) for the defendants.

KNOWLTON, C. J. This is an action of contract to recover for personal services as salesman for the defendants. The evidence tended to show that the plaintiff had been employed by the defendants at a yearly salary of a thousand dollars for the year ending January 4, 1899, and this suit is brought to recover for services under an alleged renewal of the contract for one year ending January 4, 1900.

In December, 1898, the plaintiff met with an accident which rendered him entirely incapable of performing the services called for by the contract. He went to a hospital where he remained more than seven weeks. There is no doubt that the inability to perform his contract absolved both parties from liability to continue performance of it in the future. *Stewart* v. *Loring*, 5 Allen, 306. *Harrison* v. *Conlan*, 10 Allen, 85. The evidence, which was contradicted, that the defendants conferred with the plaintiff while he was in the hospital in regard to the collection of certain bills for goods previously sold by him, is not enough to warrant a finding that the relations of the parties under the contract were continued while he was disabled.

The plaintiff contends that there was a renewal of the contract for another year, beginning January 4, 1899. He does not contend that there was an express renewal of it, nor any express agreement on the subject. He says that such a renewal should be implied from the conduct of the parties. He testified that the first time he went to the store after his injury, was on the Saturday following Washington's birthday. The work which he had previously done under his contract was that of a travelling salesman. There is no evidence that after his return he ever undertook such work in a regular or formal way. He admitted on cross-examination that so far as he could remember he did not send the defendants an order, nor collect any money for them in the year 1899. There was dispute as to whether he did anything, but if we take his own testimony most favorably for himself, it tends to show that he worked a little about the store, and saw several of his former customers who were delin-

quent about their bills, and asked them why they did not pay. There were extended negotiations between the parties about March 20 in regard to making a contract for services of the plaintiff to be paid for by commissions, but they failed to agree, and these efforts are of no consequence in the present case.

The plaintiff did not complete his contract for the former year, because he could not. He did not come back until nearly two months after the expiration of the year. He did not resume the work in which he was engaged under his former contract, and there is no evidence of any continuity of service or continuance of the former employment in such a way as to warrant a finding that the parties assented to an arrangement for services for another term of the same length at the same salary. See *Tatterson* v. *Suffolk Manuf. Co.* 106 Mass. 56.

*Exceptions overruled.*