MARY L. O'CONNOR & another *vs.* WILLIAM A. MINCHIN.

Suffolk.   December 11, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Appeal.

Where in a suit in equity no appeal is taken to an interlocutory decree overruling exceptions to the report of a master and confirming the report, an appeal from a final decree thereafter made raises only the question whether the decree is within the scope of the bill and is supported by the facts found by the master.

BILL IN EQUITY, filed in the Superior Court on July 12, 1911, and afterwards amended, seeking an accounting by the defendant as the manager of a teaming business of the plaintiffs.

The case was referred to John F. Volk, Esquire, as master. His report contained no report of the evidence.

From an interlocutory decree overruling exceptions by the defendant to the master's report and confirming the report, no appeal was taken.

A final decree was entered directing the defendant to pay to the plaintiffs $625.05 and costs; and the defendant appealed.

The case was submitted on briefs.

*W. Hirsh,* for the defendant.

*S. E. Duffin & G. H. Tinkham,* for the plaintiffs.

HAMMOND, J. Exceptions to the master's report were taken by the defendant. These were heard and a decree was made overruling them and confirming the report. From this decree no appeal was taken. Thereupon a final decree was made and the case is before us upon this appeal only. The question therefore is whether the decree is supported by the facts found by the master.

The main question raised by the defendant relates to the item of $480.50 which the defendant testified he had expended in incidentals. There were no entries upon the books showing these expenditures. The defendant does not seem to have denied that he received the money, but said that he had expended it in the business. The master in view of all the evidence may have disbelieved the defendant. At any rate we cannot say that the finding of the master was wrong.

It is argued by the defendant that the burden of proof was upon the plaintiffs to show what money the defendant had in his hands. That is undoubtedly true; but we do not understand that the master proceeded upon any other theory

The contention of the defendant that the facts do not show that the plaintiff Mary L. O'Connor was the owner of the business is based upon an allegation of facts not found in the record.

The report was clear and explicit and forms a proper basis for the decree.

*Decree affirmed with costs.*