DOMENICO GIULIANI *vs.* DONATO CORDONE & another.

Worcester.    September 24, 1923. — October 10, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Equity Pleading and Practice,* Appeal. *Equity Jurisdiction,* Specific performance. *Contract,* Validity.

An appeal which is only from a final decree entered in a suit in equity after the confirmation by an interlocutory decree of a report by a master, brings to this court only the questions, whether the decree is within the scope of the bill and is supported by the facts found by the master.

Where a master, to whom was referred a suit in equity for specific performance of a contract for the sale and conveyance of real estate, made findings

establishing the contract and negativing fraud on the part of the plaintiff and also found that a contention by the defendants, that the contract was changed by mutual·agreement, was without basis in fact, a final decree for the plaintiff was *held*, upon an appeal therefrom, to have been within the scope of the bill and to have been supported by the facts found by the master; and it was affirmed.

BILL IN EQUITY, filed in the Superior Court on September 8, 1922, for specific performance of a contract in writing for the sale and conveyance of real estate on East Main Street in Milford.

The suit was referred to a master. Material findings by the master are described in the opinion. Exceptions to the report were heard by *Callahan*, J., by whose order the decrees described in the opinion were entered. The defendants appealed from the final decree only.

*W. A. Murray*, for the defendants.

*A. B. Cenedella*, for the plaintiff.

PIERCE, J. This is a suit in equity to compel the defendants specifically to perform their written agreement to convey to the plaintiff certain lands. After answer the case was referred to a master, who duly made report of his findings with certain objections of the defendants attached thereto. The defendants seasonably filed exceptions to the master's report based upon their objections. By interlocutory decrees the court overruled the defendants' exceptions and confirmed the master's report, excepting the fourth exception, which is sustained so far as the master found that it was the expectation of the parties that the first payment under the mortgage deed was to become due and payable six months from the date of the deed, instead of seven months, as provided by the agreement for purchase and sale. From these decrees no appeal was taken. A final decree for the plaintiff was entered and the defendants filed an appeal. The only questions therefore raised by the appeal are whether the decree is within the scope of the bill and is supported by the facts found by the master. *O'Connor* v. *Minchin*, 214 Mass. 50.

The defendants contend upon the facts as found by the master that the plaintiff has been guilty of such unfair conduct, and has taken such inequitable advantage of the

defendants, that he is not entitled to a decree for specific
performance; that there was an oral modification of the said
contract between the parties after its execution, which brings
the contract as modified within the statute of frauds; and
that " Even if the plaintiff is entitled to a decree for specific
performance, the final decree of the Superior Court should
be so modified as to require the plaintiff to pay to the de-
fendants, as a condition of the defendants' specifically per-
forming the contract, the balance of the purchase price of
the property over the first mortgage in cash, and not in time
payments."

The recitation of facts in the master's report upon which
the master found " the plaintiff has not been guilty of any
unfair conduct and has not taken any inequitable advantage
of the defendants;" as also the facts upon which the de-
fendants rely to establish their contention that the plaintiff
has been guilty of such unfair conduct and has taken such
inequitable advantage of the defendants, are as follows:
The defendants are husband and wife, and occupy as a home
part of the house which the plaintiff seeks to have conveyed
to him; they are middle aged people, unable to read or write
either the English or Italian language, but have the capacity
to speak the Italian tongue and also to understand and
to speak the English tongue to a great extent.  The plain-
tiff is twenty-nine years of age, is able to read and write, and
speaks both English and Italian.  The relation existing
between him and the defendants had been of a very friendly
nature, and the defendants were much interested in his
progress and success.  The father of the plaintiff owns the
estate adjoining that of the defendants.  The plaintiff de-
sired to purchase the property of the defendants so that
he might build a garage to house his own machines, furnish
space to store automobiles belonging to others, and erect
a gas-filling station.  At a conference between the parties,
held in June, 1922, the plaintiff asked Mrs. Cordone what
she would take for the property.  She said $6,000; and
the plaintiff replied, " It is too much."  At a meeting held
a short time after it was agreed that the price should be
$5,450; of this amount $3,000 was represented by a mortgage

held by a savings bank. The terms of payment were not settled until the making of the contract, a copy of which is annexed to the bill. At the last conference the defendants stated that they desired to remain on the premises for a period of three months after the date of the deed, so that they might harvest the garden which they had planted and gather the grapes which they expected on vines set out by them. The plaintiff assented to this and admitted at the hearing before the master that the possibility of remaining seemed to be one of the reasons the defendants would sell. On July 8, 1922, the defendants went with the plaintiff to the office of a lawyer selected by the defendants, after the plaintiff had expressed a preference for another, for the purpose of making a formal contract of sale. The lawyer speaks Italian fluently and this language was used in connection with the making of the contract.

The master finds there was more or less discussion as to the terms of payment; that the defendants, at first, desired cash in full for the amount over and above the mortgage held by the savings bank; that the terms of payment were finally determined upon to be as set forth in the contract, except that the first payment under the mortgage deed would become due and payable six months from the date of the deed. He further finds that " after the contract was drawn it was read and explained to all in Italian, fully, completely and exactly as it appears in English, with no additions, or changes whatever; " and that, after being read, it was signed by the defendants, and by the plaintiff. Some evidence, the master says, was offered that Mrs. Cordone became angry because she was not allowed to talk after the contract was signed; that she desired to complain about the terms ·of payment; but he finds that " no attempt was made to prevent her expressing anything which she had in mind and that she did not make any complaint that evening after the contract was signed as to the terms of the contract as drawn."

It appears in the report that a day or two before the papers were to be passed Mrs. Cordone became apprehensive of being put off the premises by the plaintiff as soon as he

obtained his deed, and refused to sign the deed unless the plaintiff gave her a written agreement to allow her to remain on the premises at her convenience or accommodation at the rent of $8 per month. The plaintiff was not willing to make such an arrangement but did offer to execute a written agreement to allow the defendants to remain for three months at a rent of $10 per month. The defendants would not accept this and offered to return the $100 that had been paid; the plaintiff refused to accept it, and they withdrew. The foregoing full statement of the facts demonstrates without analysis that the defendants have no substantial justification for their claim of any unfair conduct or of any inequitable advantage taken of them by the plaintiff.

The claim of the defendants that the contract was changed by mutual agreement is found by the master to be untrue. Such claim rests upon the evidence that, the defendants desiring to purchase a smaller house for their own use, Mrs. Cordone saw her attorney and stated that she would like to have the cash instead of the second mortgage provided for in the contract. As a result of this the plaintiff informed her that he would do his best to find the money and give her cash. It further appeared in evidence that the plaintiff procured the cash and was at the time when the deed was to pass, and ever since has been, ready, willing, and able to make full payment of the purchase price over and above the mortgage held by the savings bank. We find nothing in the recorded facts which support this claim of the defendants; and we find nothing in the record which is inconsistent with the conclusions of fact found by the master.

It follows that the decree must be affirmed with costs.

*So ordered.*