ROLAND H. GRAY & others *vs.* CITY OF SALEM & others.

Essex.　January 11, 1927. — March 4, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Veteran. Pension. Municipal Corporations,* Pension. *Evidence,* Presumptions and burden of proof.

While a veteran of the Civil War employed by a city is not entitled to benefit by the provisions of G. L. c. 32, § 52, without proof of continuous service for the city for ten years, the statute does not require that such service shall be performed without interruption from day to day, but merely that the relation of employer and employed between the city and the employee shall have continued unbroken for a period of ten years between the time of hiring and the application for retirement.

At the hearing by a master of a bill in equity by ten taxable inhabitants of a city to have a vote of the city council granting retirement to a veteran of the Civil War under G. L. c. 32, § 52, declared void and further payments enjoined, the plaintiffs introduced evidence from the payrolls of the city that, during the period of the veteran's alleged continuous service, no payment was made to the veteran for a period of one month. The veteran testified that he was continuously in the employ of the city in one capacity or another for a period of over ten years including the period when the payroll showed nothing paid to him. The plaintiffs "stated they could call witnesses to show otherwise, but they produced none at the hearing." The master found that the plaintiffs "have not sustained the burden of proof that the service was not continuous." A final decree dismissing the bill was entered. The plaintiffs appealed. *Held,* that the master's finding was warranted; and the final decree was affirmed.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on May 29, 1926, and afterwards amended, by ten taxable inhabitants of the city of Salem to have declared void action by the city council retiring one David N. Cook under St. 1912, c. 447, § 1, and to enjoin further payment to him of retirement allowance.

The suit was referred to a master. Material facts found by the master are stated in the opinion. Under the stipulation stated in the opinion, the suit was heard by *Braley,* J., by whose order a final decree was entered dismissing the bill. The plaintiffs appealed.

*J. J. Ronan,* for the defendant Cook.

*W. A. Pew,* City Solicitor, for the city of Salem.

*G. S. Cottle,* for the plaintiffs, submitted a brief.

PIERCE, J.   This is a bill in equity by ten taxpayers of the city of Salem to restrain the city of Salem and its treasurer from making any further payments to one David N. Cook, a veteran of the Civil War, under St. 1912, c. 447, § 1, now G. L. c. 32, § 52, which reads: "A veteran of the civil war who has been in the service of any city or town for ten years, if incapacitated for active duty, may be retired from active service by the city council or the selectmen at one half the rate of the average compensation paid to him during the two years immediately preceding his retirement."

Upon the completion of the pleadings the case was sent to a master to hear the parties and their evidence, to find the facts, and report the same to the court.   After a hearing the master made a report, which was confirmed by the court and a final decree was entered dismissing the bill.   Certain exceptions were taken by the plaintiffs during the hearing before the master to the exclusion of offered documentary evidence.   These exceptions are not referred to in the brief of the plaintiff and are treated as waived.   No objections are appended to the report, and it was stipulated and agreed "that the master may forthwith file a report which shall be considered as a final report, and [the parties] further agree to waive the filing of any objections or exceptions to the report as filed by the master."   The question open on the appeal is whether the decree was justified by the allegations of the bill, answer and the findings of the master.   *Lyons* v. *Elston,* 211 Mass. 478.   *O'Connor* v. *Minchin,* 214 Mass. 50. *Giuliani* v. *Cordone,* 246 Mass. 426.

The following facts were found by the master, and were admitted or not disputed by any party to these proceedings, that is to say: The city of Salem accepted the provisions of St. 1912, c. 447, on October 4, 1912; the charter of that city was revised by St. 1912, c. 559, and the city council elected under the new charter (Part II, § 4) assembled on Monday, January 6, 1913.   David N. Cook is a veteran of the Civil War and is and has been a resident of the city of Salem for

many years. From February 24, 1897, until February 8, 1905, Cook held the elective office of commissioner of streets of said city. From March 8, 1905, until January 6, 1913, by election Cook held the office of superintendent of water works for the city of Salem. From January 6, 1913, until January 25, 1913, he performed services in connection with the said water department and drew his salary until the last named date. On or about November 27, 1912, Cook made an application to the city of Salem for a pension under St. 1912, c. 447, and the city council thereof granted the pension on January 17, 1913. The plaintiffs contend that the city council had no authority to grant the pension because the statute quoted requires that the veteran making the application should have been in the service of the city or town continuously for ten years, and, assuming such to be the law, contends that Cook was not in the service of the city of Salem between February 8, 1905, when he ceased to be commissioner of streets, and March 8, 1905, when by election of the city council he became superintendent of water works.

The contention of the petitioners that Cook was not in the service of the city of Salem between the aforesaid dates finds support in the payrolls of the city, which show a payment for services rendered as city superintendent of streets from February 1, 1905, until February 8, 1905, and the pay roll for March, 1905, which shows a payment for services as "superintendent of Water Department" from March 8, to March 31, 1905. Cook, on the other hand, testified that he was continuously in the employ of the city in one capacity or another from February 24, 1897, until January 25, 1913. The plaintiffs "stated they could call witnesses to show otherwise, but they produced none at the hearing." In this state of the evidence the master found that the plaintiffs "have not sustained the burden of proof that the service was not continuous."

We agree with the plaintiffs that the provision of the statute, which reads, "A veteran of the civil war who has been in the service of any city or town for ten years," is not satisfied without proof of continuous service for the city for that period. Such continuity, however, does not mean that

the service shall be performed without interruption from day to day, but does require that the relation between the city and the employee shall have continued unbroken for a period of ten years between the time of hiring and the application for pension. The undisputed evidence and inferences which arise from the fact that Cook was in the service of the city of Salem for sixteen years warrant the finding of the master that the plaintiffs did not prove that Cook was not engaged for the city of Salem in some capacity connected with the street or water departments during all of February and March, 1905, as well as during the whole period between 1897 and January 17, 1913.

Because of the finding of continuous service of Cook for the city of Salem for more than ten years before the application for and grant of the pension to him, there is no occasion to examine the scope of Spec. St. 1915, c. 366, validating or attempting to validate the pension to Cook and others.

*Decree affirmed.*