STATE EX REL. PETER GORCZYCA v. CITY OF
MINNEAPOLIS AND OTHERS.[1]

June 15, 1928.

No. 26,815.

Definitions of "employe" and "wages."

1. The term "employe" means one employed by another; a clerk or workman in the service of an employer; one who works for a salary or wages. "Wages" is the compensation given or to be paid to a hired person for his services.

Statutes regarding municipal retirement allowances are construed liberally.

2. Laws providing for pensions or retirement allowances to employes of municipalities are construed liberally. Pensions and retirement allowances are not gratuities when the services for which they are allowed are rendered after the enactment of the law under which they are granted.

Disability of employe to do his work for a long time usually terminates his employment.

3. Where an employe becomes disabled and unable to perform the services required of him for an uncertain and long period of time, his employment as a general rule is terminated thereby.

Disability of defendant's laborer for 34 months, during which he received compensation, terminated his employment.

4. Relator, a laborer working for the city of Minneapolis, became and continued disabled for a period of two years and ten months. It is *held* that his employment thereby terminated and that the fact that he received compensation under the workmen's compensation act during that time did not continue him as a city employe.

Employe must be engaged in actual labor or service for the city during the statutory time required by 1919 act.

5. L. 1919, c. 522, requires that to be entitled to a retirement allowance the employe, in the noncontributing class, must have been employed by the city for a period aggregating 20 or more periods of five months each, the last two of which shall have immediately preceded the date of his retirement. *Held* that such periods mean times when the employe is engaged in actual labor or services for the city.

[1]Reported in 219 N. W. 924.

**1917 act inapplicable to employe who left city's employment more than five years before its passage.**

6. L. 1927, c. 190, *held* not to apply to cases where an employe retired from service for the city more than five years before the passage of the act, and at the time of his retirement was not entitled to any pension or retirement allowance.

Employe, 20 C. J. p. 1241 n. 77.
Municipal Corporations, 43 C. J. p. 907 n. 5, 6.
Wages, 40 Cyc. p. 241 n. 10.

See note in 34 L.R.A.(N.S.) 608; 37 A. L. R. 1162; 46 A. L. R. 683; 19 R. C. L. 726; 6 R. C. L. Supp. 1135.

Mandamus issued by the district court for Hennepin county directed to the city of Minneapolis, the municipal pension and retirement board and the members thereof, to compel them to pay to relator a retirement allowance of $2,500. See L. 1919, c. 522; L. 1927, c. 190. There were findings for the respondents holding relator not entitled to the allowance. From the judgment, Nordbye, J. entered upon the findings, relator appealed. Affirmed.

*William B. Movery, Joseph A. Kozlak, George R. Smith* and *Edward J. Callahan,* for relator.

*Neil M. Cronin,* City Attorney, and *Thomas B. Kilbride,* Assistant City Attorney, for respondents.

OLSEN, C.

Relator was employed by the city of Minneapolis as a common laborer for a number of months each year during 1899 to 1917, inclusive, and for two months in the year 1918. On May 9, 1918, he met with an accident in the course of his employment, resulting in a broken leg. He thereafter performed no work or services for the city until in May, 1921. He then worked for the city for seven months and retired from service for the city on December 1, 1921. He was paid compensation for his injury under the workmen's compensation act for 151 weeks from May 9, 1918. On May 18, 1923, he applied to the municipal pension and retirement board for a retirement allowance under L. 1919, p. 712, c. 522. The board denied his application. He then brought this action in mandamus

to compel payment to him of a retirement allowance. The action was tried and the district court made findings of fact and conclusions of law in favor of the respondents, holding relator not entitled to any retirement' allowance. From the judgment entered on such findings and conclusions of law, the relator brings this appeal.

1. There is only one question presented for review here, and that is whether or not, within the terms of the 1919 law, relator was an employe of the city during the time from May 9, 1918, to May, 1921, when he was not rendering any services but was receiving compensation under the workmen's compensation law. The trial court held he was not. So far as shown, the relator was not employed by the city for any definite period or under any definite contract. He was employed and placed on the payrolls each season up to the time of his injury, when there was work for him to do and for periods varying from two to nine months each year. He at no time worked or received wages for the entire year.

Section 6 of the act provides that to be entitled to retirement allowance an employe of the class of the relator must have been employed by the city for a period which in the aggregate shall equal 20 or more periods of five or more months each in not to exceed an equal number of years, the last two of which shall have immediately preceded the date of retirement.

If the relator was not an employe of the city during 1919 and 1920, then he was not such employe for the periods required in the two years immediately preceding the date of his retirement.

The term "employe" is defined in the dictionaries as one employed by another; a clerk or workman in the service of an employer. The term has been defined as one who works for a salary or wages. In re Cortland Mfg. Co. 21 Misc. 226, 45 N. Y. S. 630; Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915, 38 L. R. A. 402. The word implies continuity of service, regular and continual service. Louisville, E. & St. L. R. Co. v. Wilson, 138 U. S. 501, 11 S. Ct. 405, 34 L. ed. 1023; Clark & McCulloh v. Renninger, 89 Md. 66, 42 A. 928, 44 L. R. A. 413. The term "wages" is defined as compensation given to a hired person for his or her services. First

Nat. Bank v. Graham (Tex. App.) 22 S. W. 1101; Fidelity Ins. & S. D. Co. v. Shenandoah I. Co. (C. C.) 42 F. 372. Anderson, Law Dic. defines "wages" as compensation paid or to be paid for services by the day, week or month. "Wages are the reward of labor." Gossen v. Township of Borgholm, supra, pp. 227, 229.

2. It is clear that the five months' periods named in the act in question mean periods during which the employe is engaged in actual service for the city; engaged in actual labor for the city. It is equally clear that at least two of these periods must come within the two years immediately preceding the employe's retirement.

Cases arising under workmen's compensation acts are cited to show that such acts are liberally construed. Kaletha v. Hall Merc. Co. 157 Minn. 290, 196 N. W. 261. A statement in the case of Woodcock v. Bd. of Ed. of Salt Lake City, 55 Utah, 458, 467, 187 P. 181, 10 A. L. R. 181, is cited, saying that, "Compensation, therefore, is merely another term for salaries or wages; * * * a special or reduced salary * * * as compensation to the injured employe during the term fixed by the act." That case was one where the board of education had refused to pay an award or judgment duly rendered granting compensation to a teacher for an accidental injury. The board, although school districts were required by the workmen's compensation act to pay such compensation, refused payment on the ground that it was not authorized to use school district funds for such purpose. The court, in determining that it had such authority, used the language quoted.

Relief and pension acts likewise receive a liberal construction. Buckendorf v. Minneapolis F. D. Relief Assn. 112 Minn. 298, 127 N. W. 1053, 1133; Stevens v. Minneapolis F. D. Relief Assn. 124 Minn. 381, 145 N. W. 35, 50 L.R.A.(N.S.) 1018. A pension or retirement allowance is a gratuity where it is granted for services previously rendered and which, at the time they were rendered, were fully paid for and gave rise to no legal obligation for further compensation. Stevens v. Minneapolis F. D. Relief Assn. 124 Minn. 381, 145 N. W. 35, 50 L.R.A.(N.S.) 1018; O'Dea v. Cook, 176 Cal.

659, 169 P. 366.   It is not a gratuity when the services are rendered while the pension or retirement relief statute is in force, so that the statute becomes a part of the contract of employment and contemplates such pension or allowance as part of the compensation for the services rendered.   In the present case all services rendered by relator, except the seven months in 1921, were rendered before the statute was enacted; and, so far as it related to such prior services, any allowance would be a gratuity.   As to the services in 1921, relator was a noncontributing beneficiary.   In Douglas v. Pension Board, 75 Cal. App. 335, 242 P. 756, it is stated that retirement pensions to employes are increased compensation, and this proposition has particular force as to employes who perform such services subsequent to the passage of the law granting pensions.

3.   Where an employe becomes disabled by illness or accident so that he is unable to perform the labor or services required of him in his employment for any considerable time, or otherwise ceases to perform services, the employment terminates.   O'Connor v. Briggs, 182 Mass. 387, 65 N. E. 836; Stewart v. Loring, 5 Allen, 306; Gray v. City of Salem, 258 Mass. 559, 155 N. E. 633.   In the O'Connor v. Briggs case, 182 Mass. 387, 65 N. E. 836, disability for seven weeks was held to terminate the employment.   In Gray v. City of Salem, 258 Mass. 559, 155 N. E. 633, the act was held to require continuous service, but a mere temporary cessation of services for 30 days was held not to terminate the employment under the facts shown in that case.

4-5.   When relator became disabled and ceased to perform any services for the city for two years and ten months, his employment, in the absence of any contract or agreement to the contrary, must be held to have terminated.   The only escape from that conclusion would have to be based upon a finding that, because he was then receiving compensation under the workmen's compensation act, he remained in the employ of the city.   Even if that could be found, it would be further necessary to find that during 1920 he actually performed labor or services for the city, so as to make up the two periods of actual service which the pension act requires to be performed immediately before his retirement.

This court is in entire harmony with the liberal construction to be given to workmen's compensation acts and pension acts. In so construing these laws however the court is not permitted to legislate or to depart from the clear and accepted meaning of words used in a statute. We are unable so to construe the pension act of 1919 as to hold that relator remained in the employ of the city during the two years and ten months that he performed no services for it, nor to hold that he performed services for the city for two periods aggregating five months each immediately before he retired on December 1, 1921.

The act in question was considered and construed, in other particulars, in the case of State ex rel. LaFond v. City of Minneapolis, 173 Minn. 589, 218 N. W. 119.

6. The legislature, by the enactment of L. 1927, p. 286, c. 190, appears to have construed the prior law in harmony with the views hereinbefore stated. For, by the act of 1927, it was thought necessary expressly to provide that the period during which an employe received a disability allowance for accidental injury should be credited as time of service the same as if he actually rendered services during that time. Counsel for relator does not deem it necessary, in order to sustain his position, for the court to consider the 1927 act. Respondents' counsel state that the act is not applicable and, if applicable here, would be unconstitutional. A brief consideration of the act seems proper. It provides for cases "where any city of the first class pays a disability allowance to any employe under any provisions of a home rule charter and which provisions require the rendition of services for any specified period immediately preceding the time of retirement to entitle an employe to a retirement allowance."

A disability allowance under a home rule charter is similar in purpose to but may be materially different from the allowance provided by the workmen's compensation act. Under the act of 1919, disability allowances are provided for certain classes of employes, with the provision that such employes, if entitled also to an allowance under the workmen's compensation act, may elect as to which

to accept but shall not be permitted to accept both. The compensation provided by the workmen's compensation act is not a "disability allowance * * * under any provisions of a home rule charter;" hence the act of 1927 would not seem applicable to the present case.

Then, again, a legislative act is not retroactive unless therein so stated, or unless it clearly appears from the act itself, as applied to the subject matter and situation therein treated, that such was the legislative intent. The language of the act of 1927 is prospective, and there is nothing in the act or in the subject matter and situation to which it applies to sustain a finding that it clearly appears to have been the legislative intent to apply the act to cases where the employe retired from service and the employment ended more than five years before the statute was enacted. If the act applied to such a situation, there might be serious doubt as to its constitutionality. As applied to officials and servants of the city in actual service at the time of its passage or thereafter entering such service, the act appears to be constitutional and valid.

Judgment affirmed.