ROLAND H. GRAY & others *vs.* CITY OF SALEM & others.

Essex.    March 4, 1930. — May 28, 1930.

Present: RUGG, C.J., CARROLL, WAIT, & FIELD, JJ.

*Pension.  Constitutional Law,* Pensions.

In a plea to a bill in equity under G. L. c. 40, § 53, by taxable inhabitants of a city to have a pension granted to a certain employee declared void and further payments thereof restrained, the defendants set up a special statute enacting that "The action of the city council . . . in granting pensions to . . . [twenty persons named, among them the employee in question,] is hereby confirmed and made valid to the same extent as if, in the granting of said pensions, all of the requirements of the charter and ordinances of the city and all other provisions of law had been complied with."  The plea was sustained and the bill was dismissed.  On appeal by the plaintiffs, it was *held*, that
    (1) The statute was not an interference with a contract, nor an exemption from a rule binding upon all;
    (2) The Legislature has power to grant pensions to selected individuals where legitimate public good is derived therefrom, and no constitutional right is violated if the terms of one grant differ from those of another;
    (3) The Legislature has power to ratify an act of a city council which the Legislature validly might have enacted;
    (4) The employee in question, being a veteran of the civil war who had been incapacitated for active duty after service for the city for several years, was an object of legitimate bounty from the Legislature, and the statute was valid;
    (5) It was proper to sustain the plea and to dismiss the bill.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Essex on September 10, 1929, and described in the opinion.

Pleadings filed by the defendants are described in the opinion. The plea was heard by *Sanderson*, J., and was sustained, and a final decree was entered dismissing the bill. The plaintiffs appealed.

*G. S. Cottle*, attorney in fact, for the plaintiffs.

·*J. J. Ronan*, for the defendants.

WAIT, J. This is a bill in equity brought pursuant to G. L. c. 40, § 53, to restrain the expenditure of money by the city of Salem in payment of a pension to David N. Cook. The defendants named are the city, one Charles G. F. Coker in his capacity as treasurer of the city, and Cook. The plaintiffs are twelve persons alleging themselves to be taxable inhabitants of Salem, and eight others, presumably also taxable inhabitants of the city who have been admitted by amendment.

The bill alleges that on October 4, 1912, the city accepted the provisions of St. 1912, c. 447 (now G. L. c. 32, § 52) which authorized the city council to retire, at a fixed proportion of the compensation previously received, any veteran of the civil war who had been in the service of the city for ten years, if incapacitated for active duty; that Cook, a veteran of the civil war, on November 27, 1912, applied for a pension under the statute; that the city council on January 17, 1913, ordered that he be so retired and fixed the payment at $800 yearly, payable monthly; that, on information and belief, Cook, when the order was made, had not been in the service of the city ten years continuously immediately preceding the day of the order; that payment had been made and continued to be made to him pursuant to the order. It prayed that the order be declared illegal, void and of no effect; that the city and the treasurer be restrained from further payment; and that Cook be ordered to repay to the city all amounts received on account of the pension. The city and the treasurer answered; and they joined with Cook in a plea which set up laches, a prior adjudication, and validation of the council's order by Spec. St. 1915, c. 366. The case was heard on the plea and an agreed statement of facts relating thereto. No objection was taken that the plea

was not single. The court entered an interlocutory decree adjudging the plea sufficient on the second and third grounds, and a final decree dismissing the bill with costs. The plaintiffs appeal from both decrees.

There is no dispute that Cook, on January 17, 1913, was a veteran of the civil war and incapacitated, who had long been in the service of the city. In 1926, thirteen taxable inhabitants of Salem, among whom were six of the present plaintiffs, filed a bill against the city, Cook, and one Rollins, then treasurer of Salem, to restrain payment to Cook under the order here complained of, alleging, among other grounds of illegality, the lack of ten years continuous service here alleged as the sole ground. A master found that the plaintiffs had failed to prove that Cook had not rendered service for ten years continuously before the time of the order; and, further, that they were guilty of laches. After hearing the report was confirmed, and the bill was dismissed without costs. On appeal, this court affirmed the decree, *Gray* v. *Salem*, 258 Mass. 559. on the ground that the evidence justified the finding that the plaintiffs had failed to prove that Cook's service had not been continuous from February 24, 1897, to January 25, 1913, for a period thus exceeding ten years. The plaintiffs' statement at the hearing that "they could call witnesses to show otherwise" was properly disregarded by the master, when they failed to produce them. "Because of the finding of continuous service of Cook for the city of Salem for more than ten years before the application for and grant of the pension to him" this court considered it unnecessary to examine the scope of Spec. St. 1915, c. 366. *Gray* v. *Salem*, *supra*, page 562.

We need not consider whether this prior adjudication was rightly held a sufficient defence to the present bill, because there was no error in ruling that the pension, if ever defective, had been validated. By Spec. St. 1915, c. 366, "The action of the city council of the city of Salem, or of any officers of said city, in granting pensions to . . . [twenty persons named, among them the defendant David N. Cook,] is hereby confirmed and made. valid to the

same extent as if, in the granting of said pensions, all of the requirements of the charter and ordinances of the city and all other provisions of law had been complied with." It is evident that the Legislature intended thereby to confirm their pensions to the grantees named. We do not assent to the plaintiffs' contention that this was beyond the power of the Legislature. We agree that the Legislature has no constitutional authority to suspend a general law for the benefit of an individual, *Holden* v. *James*, 11 Mass. 396, and that "no act of the legislature can alter the nature and legal effect of an existing contract, to the prejudice of either party; nor give to such a contract a judicial construction, which shall be binding on the parties, or on the courts of law." *King* v. *Dedham Bank*, 15 Mass. 447, 454. Here there is no interference with a contract, nor exemption from a rule binding upon all. The Legislature has constitutional power to grant pensions to selected individuals. *Opinion of the Justices*, 175 Mass. 599. *Opinion of the Justices*, 190 Mass. 611. *Opinion of the Justices*, 211 Mass. 608. *Opinion of the Justices*, 240 Mass. 616. The grant transcends the power only when no legitimate public good is to be derived from it — "where the only public advantage is such as may be incident and collateral to the relief of a private citizen." *Opinion of the Justices*, 175 Mass. 599, 602, 603. It is established law that grants of pensions to military veterans who have become incapacitated in the public service may be made by the Legislature and ordered paid by cities or towns. *Rich* v. *Mayor of Malden*, 252 Mass. 213, 215. No constitutional right is violated if the terms of one grant differ from those of another. A valid grant could be made to Cook for service which was interrupted, although consecutive service was made imperative for a grant to another. *Moffatt* v. *Mayor of Lowell*, 215 Mass. 92, 95. *Kellogg* v. *Waite*, 12 Allen, 529. *Corkum* v. *Clark*, 263 Mass. 378, 387. What the Legislature could have done, that it can ratify. *Warren* v. *Street Commissioners*, 187 Mass. 290, 292. *Morse* v. *Street Commissioners*, 197 Mass. 292. Cook was an object of legitimate bounty from the

Legislature. We cannot say it transcended its power in confirming the grant to him. There was no error in either decree. Both are affirmed with costs.

*So ordered.*