## Hargest v. State Employes' Retirement Board

550

*William H. Saye*, for appellant.

*Robert E. Woodside*, Attorney General, and *Samuel Jackson*, Deputy Attorney General, for State Retirement Board.

NEELY, J., November 5, 1951—This matter is before the court on an appeal under the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1, from the adjudication and order of the State Employes' Retirement Board. Appellant, the son of William M. Hargest, late president judge of this court, presented his claim for death benefits as beneficiary under policy no. 19399 issued to Judge Hargest as a member of the State Employes' Retirement Association. The judge died February 16, 1948, in Harrisburg at 4:40 p.m. at the age of 79. The board, by order dated September 13, 1950, denied appellant's claim and this appeal was prosecuted.

Judge Hargest was accepted into membership in the State Employes' Retirement System on November 12, 1931, effective November 1, 1931. He was in the employ of the Commonwealth from July 7, 1909, to June 18, 1920, as a Deputy Attorney General in the Department of Justice, and from the latter date until February 16, 1948, as judge of this court. For most of his judicial term he was president judge.

Appellant as beneficiary seeks to recover under the provisions of section 14, option 1 of the Act of June 27,

1923, P. L. 858, as amended by the Act of May 18, 1937, P. L. 683, 71 PS §1744, which reads as follows:

"Section 14. At the time of his or her superannuation retirement, any contributor may elect to receive his or her benefits in a retirement allowance, payable throughout life; or if such retirement allowance amounts to less than ten dollars ($10) per month, he or she may elect to receive the full amount of the accumulated deductions standing to his or her individual credit in the annuity savings account; or he or she may, on superannuation retirement, elect to receive the actuarial equivalent at that time of his or her member's annuity, State annuity, or retirement allowance, in a lesser member's annuity, or a lesser State annuity, or a less retirement allowance, payable throughout life, with the provisions that—

"Option 1. If he or she die before receiving in payments the present value of his or her member's annuity, State annuity, or retirement allowance as it was at the time of his or her retirement, the balance shall be paid to his or her legal representatives, or to such person, having an insurable interest in his or her life, as he or she shall nominate by written designation, duly acknowledged, and filed with the retirement board at the time of his or her retirement."

Judge Hargest was an "original member" of the retirement association as that term is defined in section 1(9) of the act, which provides that:

"Original member of the retirement association shall also mean any judge in service on the second Monday of January, one thousand nine hundred thirty, who shall elect to become a member of the retirement association at any time during the term for which he was then elected or appointed, . . ."

The term for which Judge Hargest was elected when he was accepted into membership in the retirement association expired December 31, 1931.

"Retirement Allowance" is defined in section 1, pars. 20, 21 and 22, as follows:

"20. 'State Annuity' shall mean payments derived from contributions made by the Commonwealth of Pennsylvania as provided in this act.

"21. 'Member's Annuity' shall mean payments derived from contributions made by the contributor as provided in this act.

"22. 'Retirement Allowance' shall mean the State annuity plus the member's annuity."

It is the claim of appellant that Judge Hargest had retired for superannuation, and that therefore the balance of his retirement allowance was payable in accordance with the foregoing section of the act. The retirement board held, however, that Judge Hargest had died before retirement and that his estate therefore was only entitled to receive accumulated deductions under the provisions of section 11, par. 4, 71 PS §1741, which reads as follows:

"(4) Should a contributor die before retirement, his or her accumulated deductions shall be paid to his or her estate, or to such person as he or she shall have nominated by written designation duly executed and filed with the retirement board. In case any contributor, heretofore or hereafter dying, has failed to nominate a beneficiary, or the beneficiary nominated shall have died prior to the death of the contributor, and in either event the amount of his or her accumulated deductions is less than one hundred dollars ($100), the board may, if letters testamentary or of administration have not been taken out on the estate of such contributor within six months of death, pay such accumulated deductions on the claim of the undertaker, or any person or persons or political subdivision who or which shall have paid the claim of the undertaker."

The amount of retirement allowance payable under section 14, option 1, as compared to the accumulated deductions payable under section 11, par. 4, does not appear in this record. It is clear, however, from reading the act that in the event Judge Hargest had retired for superannuation, contributions made by the Commonwealth of Pennsylvania as a "State Annuity" would be payable under section 13(2) (c) ; whereas if Judge Hargest died without retirement, then under section 11, par. 4, the amount so payable under the policy issued to Judge Hargest would be the sums deducted from his salary and actually paid into the State Employes' Retirement Fund, with interest.

As an original member, in the event of retirement for superannuation under section 13(2) (c) of the act, the judge was entitled to additional contributions on the part of the Commonwealth:

". . . for each year of prior service, as certified to said original member in the certificate issued to him or her by the retirement board . . ."

Under section 1, par. 13, "Prior Service", in the case of judges, means "all service completed prior to the date of becoming eligible to be a member of the retirement association".

Thus, in the event Judge Hargest had retired for superannuation, he became entitled to these additional contributions made by the Commonwealth for the years of service prior to the time when he became a member. In such event, the unpaid balance of the contributions would now be due to the persons specified in section 14, option 1, either to appellant, who claims to be the designated beneficiary in the retirement papers, otherwise to the judge's personal representatives.

The board concluded that Judge Hargest had not retired because he had not fulfilled the requirements of retirement for superannuation as set forth in section 13, par. 1, which reads as follows:

"Section 13. Retirement for superannuation shall be as follows:

"(1) Any contributor who has reached the superannuation retirement age may retire for superannuation by filing with the retirement board a written statement, duly attested, setting forth on what date he or she desires to be retired. Said application shall make the superannuation allowance effective on the date so specified if such application was filed in the offices of the board, or deposited in the United States mail, addressed to the Board, before the date specified in the application and before the death of the contributor: Provided, however, That the date so specified in the application shall not be more than thirty days from the date of filing or depositing the application in the mail."

The board stated that certain conditions must be fulfilled before a superannuation allowance is effective. The dispositive action taken by the board is based upon its interpretation of this section as set forth in the board's adjudication as follows:

"Two conditions must be fulfilled before superannuation allowance is effective, i. e. the filing of the application *in the offices of the Board,* or *deposit thereof in the United States Mail, before the date specified therein for the commencement of retirement* and, *before the death of the member.* The law is mandatory in this respect and neither of these requisites have been met in the instant case." (Italics in original.)

Thus, it can be seen that under the board's interpretation of section 13, par. 1, it was required either that the application for superannuation retirement be filed in the offices of the board or deposited in the United States mail (a) before the date specified in the application for the commencement of the retirement, and (b) before the death of the member. The board found that neither of these conditions was complied

with by Judge Hargest, and therefore held that he had not retired and there was no superannuation allowance due him. Accordingly, the board refused appellant's claim for the unpaid balance of such allowance.

On January 21, 1948, Judge Hargest was a patient at the Harrisburg Hospital. He requested appellant to interview David R. Perry, the Governor's secretary, as to whether his retirement papers were in order. Appellant interviewed Mr. Perry and also Richard Heagy, chief clerk to the Governor, who advised him that the papers were not in proper order because Judge Hargest's wife, Kingsley LeGallienne Hargest, who had been dead five years, was named therein as beneficiary. Mr. Heagy advised appellant to go to the retirement board and see Miss Delacross, which he did. She gave appellant a new form of application with instructions as to how it should be executed.

On January 23, 1948, Judge Hargest in the Harrisburg Hospital executed duplicate applications for retirement and named appellant as beneficiary therein. The applications were executed in the presence of Robert Wallower, the judge's secretary, and Arthur Clemens, notary public and librarian of the Dauphin County Library. It appears that duplicate resignations from the Court of Common Pleas of Dauphin County were also executed at the same time and place. The resignations were addressed to the Governor. A duplicate of the application for retirement was inserted in one of Judge Hargest's envelopes addressed to the State Employes' Retirement Board, Department of State, Commonwealth of Pennsylvania, Harrisburg, Pa. Another envelope was addressed to the Hon. James H. Duff, Governor of Pennsylvania, Harrisburg, Pa., and in this envelope was inserted Judge Hargest's resignation from the Bench of Dauphin

County, duly signed by him and dated January 23, 1948.

Either on Saturday or Sunday, February 14, or 15, prior to his death, Judge Hargest requested Mr. Wallower to come to the Harrisburg Hospital and there advised him that "after all these years" he was going to retire. He asked Mr. Wallower to take the retirement papers to the Governor's office the following Monday. On Monday the 16th, although Mr. Wallower did not see Judge Hargest, he did talk to him on the telephone about 11 a.m., at which time the judge was in a cheerful mood. Mr. Wallower's telephone conversation was in the presence of Judge Rupp, now president judge of this court, who also spoke to Judge Hargest on the telephone.

At that time Mr. Wallower was engaged in court and Judge Hargest asked him to take the papers to the Governor's office as soon as court adjourned. His instructions were to give the papers to Mr. Perry and deliver both the retirement and resignation papers to Mr. Perry. Admittedly, Mr. Wallower reached the Governor's office at about 2:30 p.m. on February 16, 1948. After waiting for some time he left the papers with an attendant in the Governor's office at about 3 p.m. with instructions to give them to Mr. Perry. He left the application for retirement and the resignation, both dated January 23, 1948.

Judge Hargest died at 4:40 p.m. on February 16th. Thereafter, appellant on that day visited the Governor's office in company with Mr. Wallower to see that the retirement papers were in order. The papers had come to the attention of Mr. Perry that day some time after 5 o'clock, and were later brought to the attention of the Governor. It appears that after the death of Judge Hargest at least some members of the retirement board and their counsel had access to the papers in the Governor's office.

The State Employes' Retirement System, established by legislation, created a contract between the Commonwealth and the members of that system to pay by way of retirement allowance additional compensation for services rendered in the past. Cf. Retirement Board of Allegheny County v. McGovern et al., Commissioners, 316 Pa. 161 (1934); Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County et al., 335 Pa. 177 (1939).

In Dom v. State Employes' Retirement Board, 345 Pa. 489, 494 (1942), the Supreme Court said:

". . . Employment contracts containing provisions for retirement pay are liberally construed to effectuate the declared intention of the parties to pay additional compensation for services rendered in the past."

See also Busser et al. v. Snyder et al., 282 Pa. 440, 454 (1925); Klench v. Board of Pension Fund Commrs., 79 Cal. App. 171, 249 Pac. 46 (1926); Oliver v. Retirement Bd. of Municipal Employes, 311 Ill. App. 38, 35 N. E. (2d) 405 (1941); Psutka v. Michigan Alkali Co. et al., 274 Mich. 318, 264 N. W. 385 (1936); State ex rel. Gorczyca v. City of Minneapolis et al., 174 Minn. 594, 219 N. W. 924 (1928); Schofield v. Zion's Co-Op Mercantile Institution, 85 Utah 281, 39 P. (2d) 342 (1934).

The uncontroverted facts here show that Judge Hargest's application for superannuation retirement was filed in the Governor's office before his death. The basic requirement for such retirement as set forth in the first sentence of section 13, par. 1, is that the application must be filed with the board; and the second sentence requires the fulfillment of certain conditions if the superannuation allowance is to be effective: (1) The application must be filed before the effective date specified therein for the retirement to go into effect; and (2) the application must either be deposited in the United States mail or filed in the

offices of the board before the member's death. The question before us at this time is whether these basic requirements were met in this case to effectuate Judge Hargest's retirement.

The Governor is the chief executive of the Commonwealth. Article IV, sec. 2, of our Constitution says that the supreme executive power shall be vested in the Governor who shall take care that the laws be faithfully executed. And in section 701 of the Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §241, it is provided that the Governor shall have the power and it shall be his duty "(a) to take care that the laws of the Commonwealth shall be faithfully executed."

The retirement board is the instrumentality designated by the legislature to administer the Retirement Act. It is the Governor's duty "to take care" that the provisions of that statute are faithfully carried into effect by this instrumentality. The Secretary of the Commonwealth, who is chairman of the board, is his appointee. He approves the appointment of the board's secretary. The board's administration of the retirement system comes directly under his executive supervision. Surely, the Governor would have the power to receive a member's application for retirement and the duty to transmit the same to the board. Many members would naturally look to the chief executive for guidance in such matters. In these circumstances, we think that filing of a member's application for superannuation retirement with the Governor would be tantamount to filing the same with the retirement board, the instrumentality that was directly subject to the Governor's powers of supervision. We feel also that Judge Hargest's application must be considered as being filed with the Governor, since it was delivered to an employe in the Governor's office with instructions

to submit the same to the Governor's secretary in due course.

Judge Hargest properly submitted his resignation as president judge to the Governor. It was only natural that along with his resignation he should forward his retirement papers in full confidence that they would be delivered to the board for attention. The record shows that Judge Hargest's actions were taken in good faith and with no thought of his immediate and impending death. The irony of this situation is that there were two uncanceled stamps on the envelope containing the retirement papers addressed to the State Employes' Retirement Board, Department of State. Had this envelope merely been posted in the United States mail at the time Mr. Wallower went to the Governor's office, there could be no question but that Judge Hargest's retirement allowance would have been effective, even though he died before the receipt of those papers by the retirement board, and presumably in such circumstances the retirement benefits would have been promptly paid.

We feel that the filing of Judge Hargest's retirement papers in the Governor's office under the existing circumstances was the equivalent of filing them with the board. In the light of this conclusion, we must consider the validity of the board's determination that the superannuation allowance cannot be effective for the reason that Judge Hargest failed to comply with the two conditions specified in section 13, par. 1. of the act, in that (1) the application was not filed before any date of retirement specified in the application, and (2) the application was not filed in the offices of the board prior to Judge Hargest's death.

The judge did not specify in his application the effective date of his retirement. This omission, however, did not invalidate the application. The very same omission was made by Judge William T. Dom and

Benjamin W. Demming, the two members involved in Dom v. State Employes' Retirement Board, Demming v. State Employes' Retirement Board, 345 Pa. 489 (1942). The Supreme Court there held that the omission did not make ineffective the members' statements expressing their election to retire, but that in such case the statements indicated a completed present retirement.

The important point here is that Judge Hargest's application contained no retirement date. It is our view that the condition requiring the filing of the application before the effective retirement date applies where the date is specified in the application, but that it is not applicable to this situation wherein no effective date of retirement was so specified. Such was the ruling in the Dom case. We quote from Mr. Justice Linn's opinion at page 494:

"By section 13 it was agreed that a member of the Retirement Association, having reached the specified age should have the right to retire and that all he need do to accomplish it was to file a written statement specifying the time of retirement. Judge Dom and Mr. Demming executed such statements and promptly started them toward the Board. They were not ineffective because a blank was left after the line, 'Date when applicant desires retirement to begin.' Their exercise of their respective rights was complete. Each had expressed at the beginning of the statement his election to retire, one choosing option No. 2, and one, option No. 3. Each, by the words used, indicated a completed present retirement; if either had desired future retirement it would have been necessary to specify the date in the future when he desired his retirement to become effective. As the statute specified that 'said application shall retire said contributor at the time so specified,' the statement retired the member as of the date on which the statement was

executed, if the Board subsequently found the member qualified for retirement. The words 'subsequent to the execution of said application,' in section 13, prevent attempts at retroactive retirement. We must therefore reject the argument that the application was ineffective because a blank was left after the line 'Date when applicant desires retirement to begin'."

It is true that in the Dom case section 13 of the Act of 1923 was involved. However, that section is in pari materia with section 13 of the Act of 1937 with respect to the language pertaining to the effective retirement date. Where no date is specified in the statement of retirement, a completed retirement is indicated as of the date the papers are filed.

We feel also that the condition as to filing the application in the offices of the board before the member's death is not applicable to the circumstances involved herein. We have found that filing the application with the Governor sufficiently complied with the statutory requirements of filing the application with the board, and since the application was filed before the death of the member, we believe the requirements of the act have been met. Therefore, we conclude that neither of the two conditions hereinabove mentioned is applicable to the present situation.

In our judgment, Judge Hargest had effectively retired prior to his death in accordance with the requirements of section 13 of the Retirement Act, and appellant, who was named beneficiary in the judge's retirement papers, is entitled to the benefits of section 14, option 1 of the statute.

And now, November 5, 1951, the appeal is sustained, the action of the State Employes' Retirement Board is herewith reversed, and the board is directed to make payments to appellant in accordance with the provisions of section 14, option 1 of the Act of June 27, 1923,

562

P. L. 858, as amended by the Act of May 18, 1937, P. L. 683.

Sohn, J., did not participate in the disposition of this case.