CLOW F. ADAMS, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED OCTOBER 13, 1917.   No. 19995.

1. **Municipal Corporations: FIREMEN: COMPENSATION.** The statutes reserve to the state the right to fix the compensation of firemen in cities of the metropolitan class.

2. ———: ———: ———. Section 4210, Rev. St. 1913, as amended by chapter 77, Laws 1915, fixes the compensation of firemen in metropolitan cities, and the city authorities have no power to provide different compensation.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*John A. Rine, W. C. Lambert* and *L. J. Te Poel,* for appellant.

*Rosewater, Cotner & Peasinger, contra.*

SEDGWICK, J.

The question in this case is whether a city of the metropolitan class has the power to regulate the compensation of firemen, or the state has reserved to itself that power and has fixed their compensation. The Banning Act gave all cities of the state having a population of 5,000 or more general powers of self-government. Section 11 of the Banning Act (Laws 1911, ch. 24) provides that the city council shall have "all executive or legislative or judicial powers and duties hitherto held, possessed or exercised under the then existing laws governing any such city, by the mayor or mayor and city council," etc., with a proviso in regard to the water board of metropolitan cities and other matters which do not affect this question. When this Banning Act was enacted there was in force in this state a statute fixing the salaries of police officers and members of the fire department in cities of the metropolitan class (Rev. St. 1913, sec. 4210), so that when this act was enacted the

city authorities had no power to fix such salaries, and therefore it would seem that the power to fix the salaries was not included in section 11. Of course, there can be no doubt that the state, because of the interest that the state at large has in enforcing the laws and in protecting property from fire, has jurisdiction over the police and the fire department. Again, section 19 of the Banning Act provided: "All general state laws governing the several classes of cities described in this act shall, according to the class within which it is embraced, apply to and govern any city adopting this act." As above suggested, it would seem that the interests of the state in the police and fire protection would bring it within the jurisdiction of the state to regulate those matters, and that the statute above quoted was a general statute of the state governing cities of the metropolitan class.

It will further be observed that afterwards the legislature has assumed to regulate those matters by amending section 4210, Rev. St. 1913. In 1915 (Laws 1915, ch. 77) the salaries of policemen and firemen are specifically fixed by the legislature in an act amending section 4210, and repealing that section. That section seems to fix the salaries of these officers at $100 a month. The district court so held, and its judgment is therefore

AFFIRMED.

ROSE, J., not sitting.