MAY ROONEY, APPELLEE, v. CITY OF OMAHA, APPELLANT.*

FILED MARCH 13, 1920. No. 21352.

**Master and Servant:** EMPLOYERS' LIABILITY ACT: POLICEMEN. A qualified and acting policeman of the city of Omaha is an officer appointed for the regular term of good behavior, unless the office itself is abolished, and is not included in the class of workmen and employees entitled to compensation from the city under the workmen's compensation act.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed and dismissed.*

*Frank L. Weaver, Harland L. Mossman* and *W. C. Lambert,* for appellant.

*George H. Merten, contra.*

ROSE, J.

This is a claim under the workmen's compensation act. Frank Rooney, while performing the duties of a policeman in the city of Omaha, was feloniously shot January 30, 1918, and as a result died the next day. The claimant for compensation is his widow. The district court allowed her $1,140, and in addition $12 a week for 350 weeks and $200 for the expenses of his last illness and

*Rehearing allowed. See 105 Neb. p——.

funeral. From a judgment in her favor for these items, the city of Omaha has appealed.

It is contended on behalf of the city of Omaha that it is not liable to claimant under the workmen's compensation act. A class of employees and workmen protected by the statute is described as follows:

"Every person in the service of the state or of any governmental agency created by it, under any appointment or contract of hire, express or implied, oral or written, but shall not include any official of the state, or any governmental agency created by it, who shall have been elected or appointed for a regular term of office, or to complete the unexpired portion of any regular term." Rev. St. 1913, sec. 3656 (Laws 1917, ch. 85, sec. 5).

The city of Omaha in its control over the police department is a governmental agency of the state. Frank Rooney, when assaulted was in the service of the city as a policeman at a salary of $125 a month. He was at the time attempting to uphold the law. He had been required to take an oath of office and to give an official bond. Rev. St. 1913, secs. 4171, 4208. Statutes and judicial opinions refer to policemen as officers. Rev. St. 1913, secs. 4171, 4208, 5300; *State v. City of Lincoln,* 101 Neb. 57. By appointment or election Rooney was a public officer. Rev. St. 1913, sec. 5300; *Blynn v. City of Pontiac,* 185 Mich. 35; *Schmitt v. Dooling,* 145 Ky. 240, 36 L. R. A. n. s. 881, and note. The duties of a municipal police officer in enforcing the laws are governmental in character. *Gillespie v. City of Lincoln,* 35 Neb. 34. In *Adams v. City of Omaha,* 101 Neb. 690, it was said:

"There can be no doubt that the state, because of the interest that the state at large has in enforcing the laws and in protecting property from fire, has jurisdiction over the police and the fire department."

Claimant insists, however, that her husband was not an official, appointed "for a regular term of office," within the meaning of the exception to the statutory provision declaring that employees and workmen shall include

"Every person in the service of the state or of any governmental agency created by it, under any appointment or contract of hire, express or implied, oral or written." This point presents the controlling question raised by the appeal. Under the charter of the city of Omaha a policeman can only be removed for cause after notice and a hearing. Rev. St. 1913, sec. 5300; *State v. City of Lincoln,* 101 Neb. 57. It follows that a police officer of the city of Omaha is appointed for the term of good behavior, unless the office itself is abolished by law. This term of office seems to be a "regular term" within the meaning of the workmen's compensation act. The word "regular," describing the "term," appears to have been used by the legislature in the popular sense of "conformable to law" to distinguish officers included in the exceptions from the workmen and employees in the general class. In this sense the compensation allowed by the district court is not authorized by the workmen's compensation act. The judgment below is therefore reversed and the claimant's proceeding dismissed.

REVERSED AND DISMISSED.

LETTON and DAY, JJ., not sitting.