MAY ROONEY, APPELLEE, v. CITY OF OMAHA, APPELLANT.

FILED DECEMBER 23, 1920.    No. 21352.

1. **Master and Servant: WORKMEN'S COMPENSATION ACT: "TERM OF OFFICE."** A regular term of office, as the term is applied to government employees in the workmen's compensation law (Rev. St. 1913, sec. 3656), means such term of office as has a fixed and definite duration and a date of termination known and fixed by law or other general regulation. Former opinion, 104 Neb. 260, modified.

2. ————: ————: POLICEMEN. A policeman, in the regular service of the Omaha police department, is not employed for the "gain or profit" of the city, as those terms are used in the workmen's compensation law, and is, therefore, not within the operation of the act.

Opinion on motion for rehearing of case reported in 104 Neb. 260. *Former opinion modified and rehearing denied.*

FLANSBURG, J.

The former opinion in this case is reported in 104 Neb. 260.

The matter comes up on rehearing.

Plaintiff makes a claim for compensation under the workmen's compensation law, for the death of her husband, who was killed while performing his duties as a policeman for the city of Omaha. She recovered judgment, and defendant, city of Omaha, appeals.

The workmen's compensation law, aside from the exceptions hereinafter referred to, covers "every person in the service of the state or of any governmental agency created by it," but excludes from its operation any official in the service of the state "who shall have been elected or appointed for a regular term of office, or to complete the unexpired portion of any regular term." Rev. St. 1913, sec. 3656, as amended by section 4, ch. 85, Laws 1917.

We adhere to our former opinion that a member of the police department of the city of Omaha is an officer and in the service of a governmental agency of the state, and take up for consideration now the question, only, of whether or not such police officer holds for a "regular term of office."

The charter of the city of Omaha (Rev. St. 1913, sec. 5300) provides that no member of the police department shall be discharged for political reasons, nor except in case a complaint is filed against him, a hearing had, and opportunity given him to defend against the charges made. It is further provided (Rev. St. 1913, sec. 5301) that the city authorities "shall have power to discontinue any employment or abolish any office at any time when, in the judgment of the council, such employment or office is no longer necessary."

A police officer, then, holds indefinitely during good behavior and cannot be discharged for cause without a hearing and opportunity to defend. *State v. City of Lincoln,* 101 Neb. 57. But when, for reasons of economy or lack of public necessity for his services, the city authorities see fit to terminate his employment, he has no right to a statutory hearing upon the question of whether or not the public welfare requires a continuance of a full police force, or of whether or not the revenues available are adequate for the payment of his salary. *Moores v. State,* 54 Neb. 486; note 4, A. L. R. 205 (*State v. City of Seattle,* 74 Wash. 199).

The fact that the tenure of office may be interrupted by the discontinuance of the service or abolition of the office

does not directly bear upon the question of whether or not the period of incumbency resulting from the appointment is for "a regular term," but it is, however, a statutory recognition of the necessity, peculiar in employments of this kind, and of the right of the city to reduce or increase the police force from time to time, and does to that extent indicate one element of uncertainty as to the actual period of tenure of office in the police department. To this, however, we attach little importance, for the general right to abolish an office may be exercised at any time during the incumbency of that office, even though the term is of a fixed and definite duration, and regardless of whether or not the officer holds for a regular term.

Whether or not a member of the police department holds for a "regular term of office" depends upon whether or not the period of time for which he is appointed shall be called a "regular term." A police officer of the city of Omaha is appointed to serve during good behavior. That means an indefinite period. No two officers will hold for the same duration of time. The law has fixed no limitation on the tenure of office. One may hold for life or as long as he desires, unless, through his own misconduct, he is discharged for cause. With such irregularity of duration, the period of tenure can hardly be denominated a "regular term" of office, within the meaning of the statute.

The word "term" implies a period of time with some definite termination. A "regular term" must contemplate that those terminations must come at regular intervals of time. The wording of the statute bears out this construction. It speaks of appointments "for a regular term of office, or *to complete the unexpired portion of any regular term.*" The regular term contemplated, therefore, was one of definite duration and one which might continue, though the incumbent does not serve out the entire period. In order that there ever exist an "unexpired portion of any regular term," that term must have some regularly fixed terminus in point of time.

105 Neb.—29

This court, in the case of *State v. Galusha,* 74 Neb. 188, in the opinion said: "Ordinarily, say the authorities, the word 'term' or 'term of office,' when used in reference to the tenure of office, means a fixed and definite period of time. *Crovatt v. Mason,* 101 Ga. 246, 28 S. E. 891; *State v. Breidenthal,* 55 Kan. 308, 40 Pac. 651; *State v. Tallman,* 25 Wash. 295, 64 Pac. 759; *People v. Brundage,* 78 N. Y. 403; *State v. Stonestreet,* 99 Mo. 361, 12 S. W. 895."

The question of the meaning of the phrase "term of office" has frequently arisen where an appointment has been made and the officer to hold at the pleasure of the appointing power. In those cases, since no definitely fixed date for termination of the office can be ascertained in advance of its actual termination, it has been universally held that such an officer does not hold for a "term of office." *State v. Gordon,* 238 Mo. 168; *State v. Oklahoma City,* 38 Okla. 349; *Somers v. State,* 5 S. Dak. 321; *City of Lexington v. Rennick,* 105 Ky. 779; *State v. Boughner,* 55 N. J. Law, 380.

In these cases, it is considered that the period of tenure does not constitute a term, since the continuance of the incumbency is uncertain and unfixed, until, by the order of the appointing power, the service is terminated. An appointment, then, to hold, not for any specific duration of time, but during the pleasure of the incumbent, unless sooner removed for cause, can hardly be said to be more definite as to period of tenure than an appointment to hold during the pleasure of the appointing power.

In Minnesota the supreme court has passed upon the identical question under consideration here, in the case of *State v. District Court,* 134 Minn. 26. The workmen's compensation act in that state, like our own, excepted from its operation a city official appointed for a "regular term of office." The court, holding that a member of the police department was not excluded from the operation of the act, said: "Under the Duluth charter policemen receive their office by appointment under civil service rules. They hold office during good behavior. There is no term at all.

Manifestly this is not an appointment for 'a regular term of office.' "

The defendant has raised a further question that a policeman in the city of Omaha is an employee of a governmental agency of the state, and is employed in the governmental capacity of the state, and not for the gain or profit of the employer, and that, under section 3656, Rev. St. 1913, he is expressly exempted from the operation of the compensation law. It is manifest that such a policeman, in the general service of the city as a policeman, is not employed for the pecuniary gain or profit of the city. This case is controlled by the decision in *Ray v. School District of Lincoln*, p. 456, *post*, and, for the reasons therein set out, plaintiff is not entitled, as we view it, to a recovery in this case.

The former opinion of this court is therefore modified to the extent above stated, and the motion for rehearing is

\OVERRULED.

DAY, J., not sitting.

ROSE, J., dissenting:

I adhere to the former opinion, 104 Neb. 260, that a qualified and acting policeman of the city of Omaha is an officer appointed for a "regular term" within the meaning of the workmen's compensation act. The appointment of a policeman for the city of Omaha is an appointment for life or during good behavior. The term of office under such an appointment is for a regular term. A term of office for life or during good behavior has been understood generally from the foundation of the Republic to be a regular term of office. Judges of the supreme court of the United States have a "regular term of office," though appointed for life, and the reserved power of the people to put an end to their judicial tenure or to abolish their offices by constitutional amendment does not change the meaning of those words. There is no reason why the term of an officer appointed for life or during good behavior is not as regular a term as the term of another officer whose official tenure

terminates by statute at a fixed period of two years. For the purposes of language in expressing the legislative will, one term is as regular as the other. By the true test of regularity there is no room for distinction. The statute does not say that a "regular term" has "a fixed and definite duration." Those expressions are not in the statute; nor are they proper definitions of words used or any part of any reasonable interpretation of a legislative enactment. The expression "fixed and definite duration" or the equivalent thereof would have been used had the lawmakers intended to make "a date of termination" a part of a regular term.

A city free from negligence is not pecuniarily liable for the death of a policeman killed in the performance of a governmental duty and can only be made so by the legislature under the present Constitution. The power to create such a liability was not committed to the courts. In law, courts are as powerless to create such a liability by interpretation as by direct legislation. Those who assert against a city not guilty of negligence claims for compensation on account of the death of a policeman killed in the line of his duty should find the city's liability in the written language of a statute. That liability of the city of Omaha is not in the workmen's compensation act, and I dissent from the opinion so holding.