LAURA E. SHANDY, APPELLEE, V. CITY OF OMAHA, APPELLANT.

FILED JUNE 15, 1934. No. 29107.

*Seymour L. Smith, Philip N. Klutznick* and *Harold C. Linahan,* for appellant.

*O'Sullivan & Southard, Arthur J. Whalen* and *W. H. Herdman, contra.*

*James C. Kinsler, amicus curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and REDICK, District Judge.

EBERLY, J.

This is a proceeding under the workmen's compensation law. The judgment of the district court was for the applicant. From the order of the trial court overruling its motion for a new trial, the city appeals.

The record before us discloses the following facts: Thomas N. Shandy was a member of the paid fire department of the city of Omaha, with the rank of captain. He died on or about February 8, 1933, from injuries received

in the course of and while performing his duties as such fireman in the Millard hotel fire in the city of Omaha. He left surviving him his widow, the applicant, appellee, with whom he was living at the time of his death. Under the home rule charter of the city of Omaha, appellee became entitled to, and is now receiving, a pension of $102.50 a month from that city. On the hearing before the compensation commissioner, on the petition filed by appellee for compensation, the maximum award was made in her behalf. On appeal to the district court a similar award was entered.

Two contentions are made in behalf of the city on appeal, viz.: (1) The deceased was not an employee within the meaning of the workmen's compensation act, and at the time of his injury and death did not have a compensable status, for the reason that he was an official of a governmental agency created by the state and had been appointed for a regular term of office. (2) The receipt and acceptance of pension benefits by appellee from the city of Omaha, exceeding the amount of the death benefits provided under the workmen's compensation act, bar the appellee from relief under the act to which reference is last made.

Apellant's first contention was before us in the case of *Rooney v. City of Omaha,* 105 Neb. 447. There, however, the office of a policeman was under consideration, and not a fireman as here presented. Still the provisions of the charter of the city of Omaha relative to the appointment and discharge of firemen are substantially identical with those relating to the appointment and discharge of policemen. Comp. St. 1929, secs. 14-601 to 14-619, and 14-701 to 14-708. It follows that the questions involved must be deemed identical.

In the *Rooney* case this court announced, on December 23, 1920: "A regular term of office, as the term is applied to government employees in the workmen's compensation law (Rev. St. 1913, sec. 3656), means such term of office as has a fixed and definite duration and a date

of termination known and fixed by law or other general regulation." The conclusion there was that a policeman in his employment did not hold his position by virtue of "a regular term of office," within the meaning of the compensation law.

In passing, reference might be made to the following authorities which involve the construction of statutory terms substantially identical with our own, and in which the views expressed are in harmony with the majority opinion in *Rooney v. City of Omaha, supra.* See, *State v. District Court,* 134 Minn. 26; *State v. District Court,* 134 Minn. 28; *Markley v. City of St. Paul,* 142 Minn. 356; *Segale v. St. Paul City R. Co.,* 148 Minn. 40.

Nevertheless, the city of Omaha, in effect, asks for a reconsideration of this queston decided in the *Rooney* case. Its claim is that principles expressed in the minority opinion in that case are correct, and should now be formally adopted by this court. We are unable to accede to this demand. The controlling question here is more than the mere technical correctness of the majority opinion in the *Rooney* case, viewed in the light of the situation that prevailed when that pronouncement was made. The present record involves not merely the force and effect of this decision as a precedent, after it has stood unchallenged for more than a decade, and during that period necessarily influenced and controlled subordinate courts in dealing with questions to which it was applicable, but also giving force and effect to subsequent expression of legislative intent clearly and unmistakably made.

On the subject of the compensable status of appellee's intestate, the Nebraska workmen's compensation act in force at the death of Shandy provided: "The provisions of this act shall apply to the state of Nebraska and every governmental agency created by it, and to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer. Provided, that railroad companies engaged in

interstate or foreign commerce are declared subject to the powers of congress and not within the provisions of this act." Comp. St. 1929, sec. 48-106.

The act also defines "employee" as follows: "The terms 'employee' and 'workman' are used interchangeably and have the same meaning throughout this article. The said terms include * * * and shall be construed to mean: (1) Every person in the service of the state or of any governmental agency created by it under any appointment or contract of hire, express or implied, oral or written, but shall not include any official of the state, or any governmental agency created by it, who shall have been elected or appointed for regular term of office, or to complete the unexpired portion of any regular term." Comp. St. 1929, sec. 48-115. It is quite obvious the deceased at the time of his death was fairly within the statutory description as an "employee," unless embraced within the exclusionary provision, viz., "but shall not include any official of the state, or any governmental agency created by it, who shall have been elected or appointed for regular term of office, or to complete the unexpired portion of any regular term." This court, as already suggested, has squarely determined this question in the negative in the *Rooney* case.

However, wholly apart from the force of that decision as a binding precedent, it may be said that in the proper interpretation of the foregoing statutory language, as applied to the facts in the instant case, the observance of application of certain well-established canons of statutory construction become important. The rule appears well supported by authority that "The courts will take judicial notice of whatever may affect the validity or meaning of a statute. They will take notice of events generally known within their jurisdiction," and of matters of common knowledge within the limits of their jurisdiction. 2 Lewis' Sutherland, Statutory Construction (2d ed.) 606, sec. 310. See, also, *Redell v. Moores,* 63 Neb. 219; *McShane v. Douglas County,* 96 Neb. 664; *In re Estate of Bayer,* 116 Neb. 670, 678. The course of legislation may also be considered. *Campbell v. Youngson,* 80 Neb. 322.

So, also, "In the interpretation of reenacted statutes, the courts will follow the construction which they received when previously in force. The legislature will be presumed to know the effect which such statutes originally had, and by reenactment intend that they should again have the same effect." 2 Lewis' Sutherland, Statutory Construction (2d ed.) 780, sec. 403, and cases cited under note 98.

It will be noted, however, that compensation was denied in the *Rooney* case solely because "a policeman, in the regular service of the Omaha police department, is not employed for the 'gain or profit' of the city, as those terms are used in the workmen's compensation law, and is, therefore, not within the operation of the act." *Rooney v. City of Omaha, supra.*

This in turn was necessitated by the fact that section 48-115, Comp. St. 1929, as originally adopted and then in force included in the third subdivision thereof the words: "It (employee) shall not be construed to include any person whose employment is * * * not for the purpose of gain or profit by the employer." Rev. St. 1913, sec. 3656. However, the first succeeding legislature convening after the announcement of the decision in the *Rooney* case, by the enactment of chapter 122, Laws 1921 (approved April 21, 1921) eliminated the words last above quoted from the statutes.

In this connection it will be noted that section 1, ch. 122, Laws 1921, reenacts as an amendment the exact words which were construed by this court in paragraph 1 of the syllabus in the *Rooney* case, and it repealed and removed therefrom the exact words, "It (employee) shall not be construed to include any person whose employment is * * * not for the purpose of gain or profit by the employer." This amendment was approved April 21, 1921. And solely because of the presence of these words in the compensation act, this court had denied compensation in the *Rooney* case to a policeman, and to a school janitor in *Ray v. School District of Lincoln,* 105 Neb. 456.

The legislature of 1921 knew the interpretation which the majority of this court had placed upon the words they set out in the amendment of 1921, and by reenactment continued. That interpretation by the court must, therefore, be deemed to have been adopted by the legislature, as within the reason of the rule that the legislature will be presumed to know the effect which such statutory terms originally had, and by its affirmative action in the reenactment or continuance of the same to have expressed the intent that they should have the same effect.

If this conclusion is justified by the facts, the legislative intent so expressed is binding upon this tribunal, irrespective of the views of the members of this court on this as an original question when it was decided in *Rooney v. City of Omaha, supra,* and it follows that plaintiff is entitled to the benefits of the workmen's compensation act unless barred by the receipt of a pension from the city.

But we may not accept appellant's contention that the receipt and acceptance of pension benefits by appellee exceeding in amount the death benefits provided under the workmen's compensation act bar the appellee from compensation. None of the provisions of our laws on which the city relies to sustain this defense in express terms negatives the right of a pensioner to recover under the provisions of the workmen's compensation law, or declares the receipt of a pension to be a bar to such recovery. The pension statutes applicable to members of the fire department of metropolitan cities were first enacted in 1895 (Laws 1895, ch. 39) and thereafter amended in 1909 (Laws 1909, ch. 60). The workmen's compensation act was passed and approved in 1913. By the terms of chapter 116, Laws 1921, entitled "An act to incorporate metropolitan cities, and pertaining to the government, powers and duties of such cities," introduced by Senator Berka and others, and approved April 20, 1921, the pension provisions heretofore enacted were substantially continued. By the terms of chapter 122, Laws 1921, approved April 21, 1921, the terms of the workmen's compensation act, as we have already seen, were by amend-

ments broadened so as to embrace within their benefits policemen and firemen of metropolitan cities. Obviously, the course of legislation negatives appellant's contention. But this contention on the part of the city of Omaha is not only opposed to the course of legislation and the general policy of our workmen's compensation act, but it is inconsistent with the express provisions of the latter enactment. Thus section 48-130, Comp. St. 1929, provides: "No savings or insurance of the injured employee, or any contribution made by him to any benefit fund or protective association independent of this article shall be taken into consideration in determining the compensation to be paid hereunder; nor shall benefits derived from any other source than those paid or caused to be paid by the employer *as herein provided,* be considered in fixing the compensation under this article." (Italics ours.) This section as enacted in 1913 constituted section 30 of chapter 198 of the session laws of that year. As orginally enacted the words "as herein provided" obviously designated and restricted payments by employers that might be taken into consideration in fixing compensation payable under the act to payments made in accordance with its terms. This construction finds support in the following provision contained in section 48-148, Comp. St. 1929, viz., "but liability for compensation under this article shall not be reduced or affected by any insurance of the injured employee, or any contribution or other benefit whatsoever, due to or received by the person entitled to such compensation."

We are therefore constrained to accept the view that the payment of pensions to firemen or their dependents under the laws relating to metropolitan cities in no way affects the claims of such persons under the workmen's compensation act or their right to recover under the provisions thereof.

It follows that the judgment of the district court is in all respects correct, and it is

AFFIRMED.

REDICK, District Judge, dissents.