CITY OF LINCOLN, APPELLANT, v. HENRY H. STEFFENSMEYER ET AL., APPELLEES.

279 N. W. 272

FILED APRIL 26, 1938. No. 30313.

*Ralph P. Wilson, Clarence G. Miles* and *Frederick H. Wagener,* for appellant.

*Beghtol, Foe & Rankin, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

Plaintiff filed a petition praying for a declaratory judgment. The agreed facts disclosed by the pleadings are as follows:

March 23, 1916, defendant Henry H. Steffensmeyer was employed by plaintiff city as a member of its paid fire department at a salary of $142 a month. September 12, 1935, he became totally and permanently disabled in the course of his employment and was paid his regular salary for one year from and after September 15, 1935. October 5, 1936, he filed a claim for a pension with the plaintiff under the terms of the firemen's pension law of this state. December 11, 1936, he filed a claim for workmen's compensation benefits. January 27, 1937, he filed a petition for workmen's compensation with the Nebraska workmen's compensation court and is receiving the benefits of the act. February 1, 1937, the city council of plaintiff city, by resolution, authorized the city attorney to bring this action for declaratory judgment, to have the plaintiff's liability under the workmen's compensation act and the firemen's pension act determined. The defendants' answer claimed right of re-

covery under both acts. The plaintiff and defendants joined in a motion for judgment on the pleadings. The trial court rendered judgment for the defendants. Plaintiff appeals. The use of the word "defendant" in this opinion refers to defendant Henry H. Steffensmeyer.

The only assignment of error urged by plaintiff is: The trial court erred in finding defendant was entitled to compensation under the workmen's compensation act and, in addition thereto, one-half of his regular salary under the firemen's pension act, and that such recovery allows the defendant to receive double protection and double benefits for compensation for the same injury.

In support of its contention plaintiff cites section 48-111, Comp. St. 1929, in part as follows: "Such agreement or the election hereinafter provided for shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in Part II of this article." In connection with the above section we cite section 35-203, Comp. St. 1929, a section of the firemen's pension law, viz.:

"In case any fireman in a paid fire department in any metropolitan city, or city of the first class, except any city of the first class that has heretofore adopted a charter for its own government, shall become permanently and totally disabled from accident or other cause, while in the line of his duty, such fireman shall forthwith be placed upon the roll of pensioned firemen, at the rate as provided for retired firemen in the second preceding section: Provided, the provisions of this article shall apply to all paid firemen now on the retired list, and to the widows and minor children of any deceased fireman who was on the retired list, under the provisions of this article at the time of his death, and such widow and minor children shall receive such pension as is provided for in this article; in case of partial disability of a fireman received while in the line of duty, he shall receive his salary during the continuance of such disability for a period not to exceed twelve months; Provided, further, if it shall be ascertained by the board of fire

and police commissioners or other proper municipal authorities within twelve months that such disability has become permanent, then his salary shall cease, and he shall be entitled to the benefits of the provisions with reference to pensions referred to in this article."

It will be observed that to entitle a fireman to a pension 21 years of service are necessary, or he must have sustained an injury, such as suffered by the defendant, in the course of his employment, resulting in total and permanent disability. Plaintiff contends that defendant elected to come under the workmen's compensation act, and that the language contained in section 48-111, Comp. St. 1929, i. e., "to any other method, form or amount of compensation," constitutes a surrender of defendant's right to obtain a fireman's pension, and that such section of the statute is an express provision which precludes defendant from receiving both benefits.

Plaintiff cites *State v. Love,* 89 Neb. 149, 131 N. W. 196, and contends that such case holds a fireman's pension to be compensation. Without repeating the language contained in the opinion relative to this proposition, we can safely say that the question of whether or not a fireman's pension is "compensation," within the statutory meaning of the compensation law, was not for determination in that case, and a judicial opinion, expressed by the writer on a point that is not necessarily raised and not involved in the case, or on a point in which the judicial mind was not directed to the precise question necessary to be determined to fix the rights of the parties, constitutes *dictum.* The cited case was an action in mandamus brought to compel the placing of a fireman on the pension roll. Several defenses were involved, but the precise question of whether or not a fireman's pension is compensation was not raised, and the decision on this point does nothing more than indicate that it might be compensation.

Plaintiff cites *Slater v. City of Grand Rapids,* 248 Mich. 480, 227 N. W. 788, as holding to the effect that a policeman's widow, electing to take under the workmen's com-

pensation act, could not recover a pension from the city. In that state the workmen's compensation act contained specific language as follows: *"Provided, however,* That policemen or firemen, or employees of the police or fire departments, or their dependents, in municipalities or villages of this state having charter provisions prescribing like benefits, may waive the provisions of this act and accept in lieu thereof such like benefits as are prescribed in such charter, but shall not be entitled to like benefits from both." Comp. Laws Supp. 1922, sec. 5429. No such language appears in the compensation act of this state, nor in the firemen's pension act. Obviously, the court, in construing this language, precluded the claimant from recovering both benefits, since, under the exact language of the statute, the claimant would not be entitled to like benefits. The case is not in point, and the language appearing in section 48-111, Comp. St. 1929, i. e., "any other method, form or amount of compensation," must be construed with other sections of the workmen's compensation act, as later set forth herein.

When the defendant entered the employment of the plaintiff city, both the firemen's pension act and the workmen's compensation act had been enacted into law. The firemen's pension act was originally enacted in 1895 (Laws 1895, ch. 39), thereafter amended in 1909 (Laws 1909, ch. 60). The workmen's compensation act was passed and approved in 1913 (Laws 1913, ch. 198). By chapter 122, Laws 1921, approved April 21, 1921, the terms of the workmen's compensation act were, by amendment, broadened so as to embrace within their benefits policemen and firemen of metropolitan cities. In 1923 the firemen's pension act was amended to exclude charter cities, but protected the rights of firemen then in the employ of the city as continuing under the act. The trend of this legislation discloses the evident intent of the legislature to include firemen within the provisions of the workmen's compensation act, and, if there existed an intent to the contrary, we believe such intent would have been incorporated within

the act, for the reason that this legislation over a period of years, involving both the firemen's pension act and the workmen's compensation act, was continually before the legislature, and the legislature was aware of both acts.

Sections 48-121 and 48-122, Comp. St. 1929, as amended, provide the method of computing the benefits under the workmen's compensation act by taking as the basis a certain *per centum* of the wages received at the time of the injury. Section 48-126, Comp. St. 1929, as amended by section 39, ch. 57, Laws 1935, provides in part: "Whenever in this article the term 'wages' is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, and shall not include gratuities received from the employer or others, nor shall it include board, lodging or similar advantages received from the employer, unless the money value of such advantages shall have been fixed by the parties at the time of the hiring." Section 48-117, Comp. St. 1929, uses this language: "Where compensation is claimed from, or proceedings taken against a person, firm or corporation * * * the compensation shall be calculated with reference to the wage the workman was receiving from the person by whom he was immediately employed at the time of the injury." Thus, it will be seen that, if a firemen's pension is synonymous with compensation, then the pension, by necessity, would be included in arriving at the amount of the compensation and would then be figured in such amount as provided for by the foregoing sections. The conclusion is obvious.

In addition to the foregoing sections of the workmen's compensation act, section 48-130, Comp. St. 1929, makes this exception in favor of the employee: "No savings or insurance of the injured employee, or any contribution made by him to any benefit fund or protective association independent of this article shall be taken into consideration in determining the compensation to be paid hereunder; nor shall benefits derived from any other source than those paid or caused to be paid by the employer as herein pro-

vided, be considered in fixing the compensation under this article." And section 48-148, Comp. St. 1929, reads in part: "But liability for compensation under this article shall not be reduced or affected by any insurance * * * or other benefit whatsoever, due to or received by the person entitled to such compensation."

Sections 48-130 and 48-148, Comp. St. 1929, are cited with approval and determine one phase of the case in the opinion in *Shandy v. City of Omaha,* 127 Neb. 406, 255 N. W. 477, the only case involving the same subject-matter that has been before the court in this state. In the cited case the widow of a fireman, killed in the course of his employment, first obtained a fireman's pension, and subsequently sought benefits under the workmen's compensation act, which the court allowed her. The plaintiff seeks to distinguish this case from the facts in the case at bar on the theory that, if the fireman's widow had first taken under the workmen's compensation act, then section 48-111, Comp. St. 1929, and the language therein contained, i. e., "any other method, form or amount of compensation or determination thereof than as provided in Part II of this article," would bar her right subsequently to receive a fireman's pension. In the body of the opinion in *Shandy v. City of Omaha, supra,* we find this language (p. 412) : "None of the provisions of our law on which the city relies to sustain this defense in express terms negatives the right of a pensioner to recover under the provisions of the workmen's compensation law, or declares the receipt of a pension to be a bar to such recovery." To quote the last paragraph of the opinion: "We are therefore constrained to accept the view that the payment of pensions to firemen or their dependents under the laws relating to metropolitan cities in no way affects the claims of such persons under the workmen's compensation act or their right to recover under the provisions thereof."

In view of the sections of the statute hereinbefore set out, and the express language used in the case of *Shandy v. City of Omaha, supra,* we believe that it is established by

the law of this state that the defendant is entitled to receive the benefit of the workmen's compensation act and the firemen's pension act, and that it is of small consequence under which act he first accepts the benefits. To follow the plaintiff's contention in its distinction of the *Shandy* case from the facts in the instant case would place a technical refinement on a just analysis of the law and would not be in keeping with the thought of the opinion in *Shandy v. City of Omaha, supra,* but would, in fact, nullify the spirit of the law as announced in the opinion in that case.

Many definitions have been given by the courts of the word "pension." We can say in this state that a fireman's pension is not "compensation," within the meaning of the workmen's compensation act, and that a fair interpretation and definition of the term "pension" is reflected by the following authorities, as set forth in Words and Phrases:

"A 'pension' is a stated and certain allowance made and granted by the government for valuable services performed in its behalf. It is a reward for continuous faithfulness in the discharge of public duty, and is a compensation for the hazard of the employment. *In re Roche,* 126 N. Y. Supp. 766, 768, 141 App. Div. 872." 3 Words and Phrases (2d ser.) 952.

"A 'pension' is a bounty springing from the graciousness and appreciation of sovereignty. It may be given or withheld at the pleasure of a sovereign power. Because one is placed upon a pension roll under a valid law is no reason why that law may not be repealed and the pension cease. *Eddy v. Morgan,* 75 N. E. 174, 178, 216 Ill. 437." 3 Words and Phrases (2d ser.) 952.

"A pension is the regular allowance paid to an individual by the government in consideration of past services or in recognition of merit, and to the payment of which the whole resources of the government are pledged. *Hawkins v. Randolph,* 231 S. W. 556, 559, 149 Ark. 124." 5 Words and Phrases (3d ser.) 930.

"A 'pension' is usually regarded as a matter of grace and

not of right. *Gleason v. Board of Com'rs of Sedgwick County*, 141 P. 584, 585, 92 Kan. 632." 5 Words and Phrases (3d ser.) 930.

For the reasons given in this opinion, the judgment of the trial court is

AFFIRMED.

CARTER, J., dissenting.

The question in this case is whether a fireman, totally and permanently disabled while in the employ of the city of Lincoln, can recover both compensation and a fireman's pension under the circumstances detailed in the majority opinion. An award of compensation has already been made. Is the defendant also entitled to a pension?

It is provided in the workmen's compensation law of this state, section 48-111, Comp. St. 1929, that an election to come under the act "shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof."

A fireman's pension is a form of compensation, within the meaning of the workmen's compensation act hereinbefore quoted. The majority opinion states that this is not the case because it is not used as a part of the basis for calculating a compensation award under sections 48-121 and 48-122, Comp. St. 1929, as amended. The writer of the opinion overlooks the fact that an award of compensation is based on the wages being earned at the time of the accident, and that the term "wages" is specifically defined and limited in meaning by the terms of the act itself, while the term "compensation," used in section 48-111, Comp. St. 1929, is used in its ordinary sense, unrestricted by statutory definition. As a matter of fact, the statute by using the words "any other method, form or amount of compensation or determination thereof" indicates that the word was used in its broadest sense. A fireman's pension is not the result of any contribution by the employee from wages or otherwise. It is either compensation or a gratuity. If it is a gratuity, the act providing for its payment is violative of constitutional provisions; if it is compensation,

it is barred by the express provisions of the compensation law.

In *State v. Love*, 89 Neb. 149, 131 N. W. 196, this court, in discussing firemen's pensions, said: "In applying these limitations to the instant case, it may be conceded that the pension forms an inducement to the individual to enter and remain in the service of the fire department, and that the pension in a sense is part of the compensation paid for those services. 2 Goodnow, Comparative Administrative Law, p. 74; Gray, Limitations of Taxing Power and Public Indebtedness, sec. 336. In this aspect of the case, if no part of the service was rendered subsequent to the enactment of the law, the compensation would be a gratuity forbidden by the fundamental law of the state. *Mead v. Inhabitants of Acton*, 139 Mass. 341."

In *Cobbs v. Home Ins. Co.*, 18 Ala. App. 206, 91 So. 627, the court said: "The legislature, looking to the future, and not retrospectively, may provide a system whereby municipalities can increase the efficiency of their fire departments by providing pensions for the firemen or their dependents, not as a gratuity, but as a part of the stipulated consideration for which they contracted and served."

Also, in *State v. City of Minneapolis*, 174 Minn. 594, 219 N. W. 924, the court said: "A pension or retirement allowance is a gratuity where it is granted for services previously rendered and which, at the time they were rendered, were fully paid for and gave rise to no legal obligation for further compensation. *Stevens v. Minneapolis F. D. Relief Ass'n*, 124 Minn. 381, 145 N. W. 35, 50 L. R. A. n. s. 1018; *O'Dea v. Cook*, 176 Cal. 659, 169 Pac. 366. It is not a gratuity when the services are rendered while the pension or retirement relief statute is in force, so that the statute becomes a part of the contract of employment and contemplates such pension or allowance as part of the compensation for the services rendered. * * * In *Douglas v. Pension Board*, 75 Cal. App. 335, 242 Pac. 756, it is stated that retirement pensions to employees are increased compensation, and this proposition has particular force as to

employees who perform such services subsequent to the passage of the law granting pensions."

The only logical conclusion that can be drawn is that a fireman's pension is a form of compensation within the meaning of the compensation act. Clearly, the legislature never intended that an injured fireman should receive anything other than compensation payments if he elected to come under that act. This court should give effect to the plain language of the compensation law and deny the recovery of a fireman's pension in addition to the compensation award already recovered. For the reasons herein set forth, I feel obliged to voice my dissent to the decision of the majority in this case.