ROBERT NOVOTNY, APPELLEE AND CROSS-APPELLANT, V.
CITY OF OMAHA, A MUNICIPAL CORPORATION,
APPELLANT AND CROSS-APPELLEE.

299 N.W.2d 757

Filed December 19, 1980.   No. 43091.

Herbert M. Fitle and George S. Selders, Jr., for
appellant.

Thomas F. Dowd, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN,
BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL,
District Judge.

McCOWN, J.

This is a workmen's compensation case. The Work-
men's Compensation Court awarded the plaintiff $100
per week for temporary total disability from January
29, 1977, to November 1, 1979, and thereafter for so
long as the plaintiff remained totally disabled. The
court also gave the defendant credit for the payment
of 109 4/7 weeks' compensation previously paid and

awarded the plaintiff an attorney fee of $500 on re-hearing. The defendant City of Omaha has appealed and the plaintiff has cross-appealed.

On January 28, 1977, the plaintiff, Robert Novotny, a plumbing inspector for the City of Omaha, while in the performance of his duties, fell and sustained serious injuries to his head and neck. Since that date, he has been totally disabled and unable to return to work. Commencing January 28, 1977, Novotny received injury-on-duty payments in lieu of workmen's compensation benefits. On October 5, 1978, his injury-on-duty payments terminated and, on October 6, 1978, the city commenced workmen's compensation total disability payments of $100 per week and continued to make such temporary total disability payments through March 6, 1979. Novotny makes no claim for workmen's compensation benefits for the period prior to March 6, 1979.

On March 7, 1979, the City began making payments to Novotny of $889.84 per month under a disability and retirement pension plan for city employees and discontinued payments of workmen's compensation benefits. All municipal employees except firemen and policemen were required to make contributions to the pension plan. The employee and employer contributions under the plan are commingled. The pension plan provided disability benefits prior to age 65 and service retirement pensions thereafter. The ordinance of the City of Omaha providing for disability pension benefits provided that the City would pay medical, surgical, and hospital expenses directly from its general fund in workmen's compensation cases, "but the pension and other benefits, being in excess of benefits under workmen's compensation act, shall be in lieu thereof." Omaha, Neb., Code § 22-35 (1980).

The issue in this case is whether the City is relieved of its statutory obligation to pay temporary total disability workmen's compensation benefits when the provisions of a pension plan under which employee and

employer contributions are commingled provides that payment of disability benefits shall be in lieu of workmen's compensation benefits.

Neb. Rev. Stat. § 48-130 (Reissue 1978) provides: "No savings or insurance of the injured employee, or any contribution made by him to any benefit fund or protective association independent of this act shall be taken into consideration in determining the compensation to be paid thereunder; nor shall benefits derived from any other source than those paid or caused to be paid by the employer as herein provided, be considered in fixing compensation under this act."

Neb. Rev. Stat. § 48-147 (Reissue 1978) provides: "Nothing in this act shall affect any existing contract for employer's liability insurance, or affect the organization of any mutual or other insurance company, or any arrangement existing between employers and employees, providing for payment to such employees, their families, dependents or representatives, sick, accident or death benefits in addition to the compensation provided for by this act; but liability for compensation under this act shall not be reduced or affected by any insurance of the injured employee, or any contribution or other benefit whatsoever, due to or received by the person entitled to such compensation, and the person so entitled shall, irrespective of any insurance or other contract, have the right to recover the same directly from the employer, and in addition thereto, the right to enforce in his own name in the manner provided in section 48-146 the liability of any insurer who may, in whole or in part, have insured the liability for such compensation; *Provided*, payment in whole or in part of such compensation by either the employer or the insurer, as the case may be, shall, to the extent thereof, be a bar to recovery against the other, of the amount so paid. No agreement by an employee to pay any portion of premium paid by his employer or to contribute to a benefit fund or department maintained by such employer for the purpose of

providing compensation as required by this act shall be valid, and any employer who makes a deduction for such purpose from the pay of any employee entitled to the benefits of this act shall be guilty of a Class II misdemeanor."

As early as 1934, in the case of *Shandy v. City of Omaha*, 127 Neb. 406, 255 N.W. 477 (1934), the contention was made that receipt and acceptance of pension benefits from the City of Omaha exceeding the amount of benefits provided under the workmen's compensation act barred any further relief under the workmen's compensation act. This court rejected the contention and held that the payment of pensions to firemen or their dependents under the laws relating to metropolitan cities in no way affects the claims of such persons under the workmen's compensation act.

In another case involving a fireman's pension, the claimant first filed a claim for workmen's compensation benefits and was receiving those benefits at the time he applied for a fireman's pension. This court held that the fireman was entitled to receive the benefit of the workmen's compensation act and the fireman's pension act, and that it was of no consequence under which act he first accepted benefits. The court also held that a fireman's pension was not "compensation" within the meaning of the workmen's compensation act. See *City of Lincoln v. Steffensmeyer*, 134 Neb. 613, 279 N.W. 272 (1938).

In the present case, the City contends that the disability pension benefits provided by the city ordinances should be treated as supplemental to workmen's compensation benefits, and that since they are more than the workmen's compensation benefits, they should be treated as payments of workmen's compensation benefits to the extent of the amount due under the workmen's compensation act. One difficulty with that contention is that the only portion of workmen's compensation benefits that is paid solely by the City from the City's general fund is the medical,

surgical, and hospital expense involved. The pension payments which the City wants to treat as compensation benefit payments are paid from the commingled joint funds contributed by both the City and the employee, in violation of the provisions of § 48-130.

The City also argues that it has implied authority for the pension plan here because state statutes now authorize primary cities to provide for pension plans for firemen or policemen which provide that the amount of such pension may be reduced by the sum of amounts paid under the workmen's compensation act until the disabled employee reaches the age of 62. See Neb. Rev. Stat. § 15-1006(4) (Reissue 1977). Somewhat similar statutes are applicable to first-class cities as to police pensions. See Neb. Rev. Stat. §§ 16-335 and 337 (Reissue 1977).

The statutes referred to do not apply to the City of Omaha, but even if they were applicable, the pension ordinance here does not comply. Here the City has combined a disability pension with a service retirement pension and intermingled both with workmen's compensation payments and provided that all payments are to be made from commingled contributions of employees and employer, thus failing to protect and maintain the full and separate protection of the workmen's compensation act. The payment of disability benefits to the plaintiff under the pension plan of the City of Omaha involved here did not affect the right of the plaintiff to claim and receive benefits under the workmen's compensation act.

In his cross-appeal, the plaintiff contends that the Workmen's Compensation Court erroneously denied plaintiff waiting time penalties for delinquent payments and an attorney fee at the time of the initial hearing before the single judge. The ground for denial was that a reasonable controversy existed as to the employer's liability. This court has consistently held that, where a reasonable controversy exists between an employer and employee as to the employer's liabil-

ity, the employer is not liable for the penalty for waiting time or for the allowance of attorney fees. *Redfern v. Safeway Stores, Inc.*, 145 Neb. 288, 16 N.W.2d 196 (1944).

In the present case, the employer had never denied liability under the workmen's compensation act and had continuously maintained payments due under that act until the date the employer commenced paying disability benefits to the plaintiff under the pension plan involved here. Those payments were approximately twice the amount of workmen's compensation benefits and the disability pension plan provided that such benefits were in lieu of workmen's compensation benefits. Under such circumstances the Workmen's Compensation Court determined that a reasonable controversy existed, and the evidence supports that determination.

The judgment and award of the Workmen's Compensation Court are affirmed. The plaintiff is awarded the sum of $750 for the services of his attorney in this court.

AFFIRMED.