JOSEPH KOHLBECK, APPELLANT, V.
CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION,
APPELLEE.

318 N.W.2d 742

Filed April 23, 1982.  No. 81-703.

Thomas F. Dowd of Dowd & Fahey Law Offices, for appellant.

Herbert M. Fitle, City Attorney, and George S. Selders, Jr., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

KRIVOSHA, C.J.

This appeal presents to the court the question whether the enactment by a municipal corporation of an ordinance, later declared invalid by the Supreme Court, is a fraudulent act which denies to the municipal corporation the right to raise the defense of statute of limitations when sued by an employee not a party to the action in which the ordinance was declared void.  We believe it is not, and affirm the

action of the three-judge Workmen's Compensation Court which dismissed appellant's petition seeking workmen's compensation benefits on the basis that the statute of limitations had run against the claim.

On February 11, 1980, the appellant, Joseph Kohlbeck, filed a petition in the Nebraska Workmen's Compensation Court alleging that on September 26, 1972, while employed by the appellee, City of Omaha, as a semiskilled laborer, he twisted and injured his back. He further alleged that by reason of the direct and proximate result of the injury "occurring out of and in the course of [his] employment," he became totally disabled. Kohlbeck further alleged that he was a member of the City of Omaha Employees Retirement System at the time of his injury and was granted a disability retirement pension from the City. He prayed that a hearing be held before the Nebraska Workmen's Compensation Court and that the rights and liabilities of the parties be determined.

The City of Omaha filed its answer in which it admitted that Kohlbeck was employed by the City and was injured on September 26th, but generally denied the other allegations of the petition. The City further alleged that the last bills paid under workmen's compensation on behalf of Kohlbeck were paid in 1973 and that any further claim for payments "is barred by the Statute of Limitation."

Kohlbeck filed a reply in which he alleged that the City of Omaha "is estopped from raising the affirmative defense of Statute of Limitations for the reason that Defendant enacted and adopted an Ordinance, specifically Section 7.24.127 of the Omaha Municipal Code, which Ordinance provided in part disability payments under the Pension System were in lieu of Workmen's Compensation obligations, which provisions were contrary to State statute; that by virtue of said Ordinance, the Defendant misled Plaintiff into believing he was not entitled to Work-

men's Compensation benefits to the disadvantage of the Plaintiff and, by virtue thereof, the Defendant is estopped from raising the affirmative defense of the Statute of Limitations."

In lieu of offering evidence, the parties entered into a stipulation for judgment which in essence held that if the court found that the City of Omaha was estopped from raising the defense of statute of limitations, Kohlbeck should receive his benefits. On the other hand, if the compensation court found that the statute of limitations was applicable, then the petition should be dismissed.

The parties further stipulated, in effect, that if Kohlbeck were called to testify, he would testify that he did not pursue his claim under workmen's compensation because of the Omaha city ordinance "and advice in connection therewith from representatives of the Defendant, City of Omaha, that he was not entitled to receive Workmen's Compensation benefits if his disability benefits equaled or exceeded the amount he was entitled to under Workmen's Compensation," which they did.

The hearing before the one-judge court resulted in a finding that the City of Omaha was estopped from raising the defense of statute of limitations, and judgment was entered for Kohlbeck. On rehearing before a three-judge court, the action of the one-judge court was reversed. The three-judge court held that the City of Omaha was not estopped from raising the defense of the statute of limitations, and Kohlbeck's petition was dismissed.

Kohlbeck has now appealed to this court and assigns as error that the three-judge Nebraska Workmen's Compensation Court erred in concluding that the City of Omaha made no representations of fact, false or otherwise, so as to be estopped from raising the defense of statute of limitations. As we have already indicated, we believe that the assignment of error must be overruled.

The specific stipulation relied upon by Kohlbeck is of little aid to us in determining what, if any, fraudulent misstatements of fact were allegedly made. The stipulation simply provides that Kohlbeck "did not pursue his rights and remedies under the provisions of the Nebraska Workmen's Compensation Act subsequent to May 16, 1973 because of his reliance on Section 7.24.127 of the Omaha Municipal Code and *advice in connection therewith from representatives of* the Defendant, City of Omaha, that he was not entitled to receive Workmen's Compensation benefits if his disability benefits equaled or exceeded the amount he was entitled to under Workmen's Compensation . . . ." (Emphasis supplied.) The stipulation does not tell us, either, when the representations were made, or by whom they were made. We simply must conclude that the record in this case falls short of establishing any basis for imposing the doctrine of equitable estoppel against the City of Omaha.

We have frequently said that the essential elements of equitable estoppel are " '(1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts; as to the other party, (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.' " *Chappelear v. Grange & Farmers Ins. Co.,* 190 Neb. 589, 592, 210

N.W.2d 921, 924 (1973). See, also, *Pester v. American Family Mut. Ins. Co.,* 186 Neb. 793, 186 N.W.2d 711 (1971); *Hilt Truck Lines, Inc. v. House of Wines, Inc.,* 207 Neb. 568, 299 N.W.2d 767 (1980); *Williams v. Williams,* 206 Neb. 630, 294 N.W.2d 357 (1980). We are unable to find anything in this record which even remotely approaches evidence sufficient to establish either the first or the third element necessary to create equitable estoppel.

The City of Omaha did in fact have an ordinance which did provide that disability pension benefits which equal or exceed workmen's compensation benefits would be in lieu of workmen's compensation benefits. The specific ordinance was adopted on June 20, 1972, and was in effect within the City of Omaha until December 19, 1980, when this court decided the case of *Novotny v. City of Omaha,* 207 Neb. 535, 299 N.W.2d 757 (1980), in which we held the ordinance unenforceable. The evidence presented to the compensation court on rehearing, and to this court, does not establish that the City of Omaha falsely informed Kohlbeck as to the ordinance then in existence. To the contrary, the City of Omaha told him the truth as it then existed. It has frequently been held that a misrepresentation as to the law will not give rise to an action for fraud and deceit (see, *Loringer v. Kaplan,* 179 Neb. 215, 137 N.W.2d 716 (1965); *Abbott v. Abbott,* 188 Neb. 61, 195 N.W.2d 204 (1972)), and, therefore, cannot be said to constitute conduct which amounts to a false representation or concealment of material facts or at least which is calculated to convey the impression that those facts are otherwise than and inconsistent with those which the party subsequently attempts to assert. Absent that fact, the first element of equitable estoppel is totally lacking.

Kohlbeck argues that the City's adoption of the ordinance in question was itself a fraudulent act because of our earlier decisions in *Shandy v. City of*

*Omaha*, 127 Neb. 406, 255 N.W. 477 (1934), and *City of Lincoln v. Steffensmeyer*, 134 Neb. 613, 279 N.W. 272 (1938). We believe that a reading of both those cases and our later decision in *Novotny, supra,* does not support that claim. In *Shandy* the City claimed that by accepting a pension in excess of death benefits allowable under the Nebraska Workmen's Compensation Act, the beneficiaries were barred from making claim under the Workmen's Compensation Act. There was no ordinance in effect at the time. We simply held in *Shandy, supra* at 413, 255 N.W. at 480, "that the payment of pensions to firemen or their dependents under the laws relating to metropolitan cities in no way affects the claims of such persons under the workmen's compensation act or their right to recover under the provisions thereof." As we note, however, there was no city ordinance in existence at the time which provided that both recoveries could not be sought.

And in *Steffensmeyer, supra,* we simply held that by seeking the benefits of the Workmen's Compensation Act, a city employee did not "surrender" his right to a disability pension. Again, there was no similar city ordinance as exists in the instant case. And, finally, in *Novotny, supra,* we acknowledged that there was a bona fide dispute. At 540, 299 N.W.2d at 760, we said: "In the present case, the employer had never denied liability under the workmen's compensation act and had continuously maintained payments due under that act until the date the employer commenced paying disability benefits to the plaintiff under the pension plan involved here. Those payments were approximately twice the amount of workmen's compensation benefits and the disability pension plan provided that such benefits were in lieu of workmen's compensation benefits. Under such circumstances the Workmen's Compensation Court determined that a reasonable controversy existed, and the evidence supports that deter-

mination." We have difficulty seeing how it can be said, on the one hand, that a reasonable controversy existed as to the validity of the city ordinance, and, at the same time, maintain that telling someone about the existence of the ordinance constitutes a fraudulent misrepresentation sufficient to bar the City from raising the defense of the statute of limitations. We think that such simply is not supported by the evidence or the law. Unlike the facts in *Glus v. Brooklyn Eastern Terminal,* 359 U.S. 231, 79 S. Ct. 760, 3 L. Ed. 2d 770 (1959), where an employee was told by government employees that he had 7 years in which to sue, when, in fact, the code provided that suit must be brought in 3 years, all that Kohlbeck was ever told was the truth as it then existed. If Kohlbeck chose to disagree with the validity of the ordinance, he was required to take action similar to that taken by Novotny and bring suit to challenge the validity of the ordinance. Having failed to do so, he is not now in a position to claim that he was fraudulently misled and therefore entitled to file his claim out of time. The judgment of the Workmen's Compensation Court on rehearing dismissing Kohlbeck's petition because of the statute of limitations was, in all respects, correct and is affirmed.

AFFIRMED.